THOMAS J. HOPKINS v. LOOMIS K. BISHOP.

*Replevin—Demand—Fraudulent conveyances—Burden of proof—*
*Trial—Appeal—Assignments of error.*

1. Replevin lies at the suit of the *owner* of personal property against an officer who has taken it on execution or attachment against a third person, in whose possession the property is found, without a prior demand for possession; citing *Trudo v. Anderson*, 10 Mich. 357.

2. Assignments of error based on the refusal of the court to give requests to charge will not be considered where the requests are not made a part of the bill of exceptions; citing *Lindner v. Hine*, 84 Mich. 512.

3. Where there is not such a change of possession as will remove the statutory presumption that a sale is fraudulent, it is still open to the purchaser to show that the sale was made in good faith, and without any intention to defraud creditors.

4. A son sold a stock of goods to his father, to whom he delivered the key to the store, and informed his clerk that his father was thereafter to be proprietor. The father hired the son and the clerk to run the business for him, he not being a merchant. Soon after, the goods were attached by the son's creditors, and the father replevied them from the attaching officer. On the trial the testimony tended to show that the key was returned to the son a few days after it was received by the father, and that, so far as any outward evidence was concerned, the son was running the business the same after as before the sale. And it is held:

   a—There was in law a sufficient immediate delivery of the goods to the father, and, if he had gone into the store and assumed its management, the mere fact of his employing his son to assist him in the business or in its management would not militate against the father's "actual and continued possession."

   b—But the jury should have been instructed · that, if they found that the possession of the goods was not actually and continuously in the father from the time of the delivery of the key up to the time of the attachment, the burden was upon the father to show that the sale was an honest one.

5. The court has no right to send to the jury-room an answer to a question propounded in writing to him by the jurors, after

they have retired to deliberate upon their verdict, without the consent of the counsel in the case.

Error to Kent. (Adsit, J). Submitted on briefs March 10, 1892. Decided April 8, 1892.

Replevin. Defendant brings error. Reversed. The facts are stated in the opinion.

*C. O. Smedley,* for appellant, contended:

1. The burden was upon the plaintiff to show good faith and lack of intent to defraud in making the sale; citing *Doyle v. Stevens,* 4 Mich. 93; *Hatch v. Fowler,* 28 Id. 211; *Molitor v. Robinson.* 40 Id. 200; *Iron-Works v. Teuton,* 67 Id. 628; *Buckingham v. Tyler,* 74 Id. 102; *Clark v. Lee,* 78 Id. 231; *Kipp v. Lamoreaux,* 81 Id. 299; *Wessels v. Beeman,* 87 Id. 481.

2. In support of the claim that a demand was necessary, counsel cited Wells, Rep. § 368; Cobb. Rep. § 499; *Stone v. O'Brien,* 7 Colo. 458; *Vose v. Stickney,* 8 Minn. 75: *Daumiel v. Gorham,* 6 Cal. 43; *Taylor v. Seymour,* Id. 512; *Killey v. Scannell,* 12 Id. 73; *Bond v. Ward,* 7 Mass. 123; *Shumway v. Rutter,* 8 Pick. 443.

*D. C. Lyle* and *Stuart & Knappen,* for plaintiff, contended:

1. The charge and requests to charge of the plaintiff on the subject of fraud were proper to be given under his theory of the case; citing *Miller v. Finley,* 26 Mich. 249; *Robert v. Morrin,* 27 Id. 306; *Cranson v. Smith,* 37 Id. 309; *Darling v. Hurst,* 39 Id. 765; *Brown v. Dean,* 52 Id. 267; *Allison v. Ward,* 63 Id. 128; *Bostwick v. Benjamin,* Id. 289; *Zucker v. Karpeles,* 88 Id. 413.

2. A conveyance to a relative for a *bona fide* debt is not illegal; citing *Coots v. Chamberlain,* 39 Mich. 571; and relationship between the parties raises no presumption of fraud; citing *Fraser v. Passage,* 63 Mich. 551; *Blish v. Collins,* 68 Id. 542; but it may be shown as a fact for the jury to consider; citing *Hough v. Dickinson,* 58 Mich. 89; and the law presumes fairness rather than fraud; citing *Hopson v. Payne,* 7 Mich. 334; *Booth v. McNair,* 14 Id. 19.

MORSE, C. J. The defendant, as sheriff of Kent county, represents in this litigation attaching creditors of Clinton H. Hopkins, a son of the plaintiff. The

plaintiff brought replevin for the goods attached, and recovered judgment in the Kent county circuit court.

It was shown by the plaintiff on the trial that his son, who was in the mercantile business at Cedar Springs, was unable to meet his obligations; and that plaintiff was signer of two notes, with his son, to one McBryer, for the means with which to engage in business. These notes were for $1,000 and $800, and there was due upon them, December 15, 1890, $1,898. On that day plaintiff took up these notes and gave his individual note in their stead, and his son gave him a bill of sale of the stock and fixtures in his store, estimated to be worth $1,500. The book-accounts, amounting to about $700, and what cash there was on hand, were retained by the son. Plaintiff then went to the store with his son, who delivered the key to him, and informed the clerk that plaintiff was thereafter to be proprietor. Plaintiff then hired the clerk and his son to run the business for him. Two days thereafter the attachment levies were made. December 23, 1890, plaintiff replevied without making any demand for the goods.

It is contended that a demand should have been made, as the goods were found in the possession of the son, Clinton H. Hopkins, against whom the writs of attachment ran. Authorities are cited to the effect that, where property seized on attachment or execution is found by the officer in the actual custody of the person named in the writ, the possession under the levy is lawful, and a demand is necessary before replevin can be brought.

In this State, a demand before suit is not requisite if, at the time of the levy, the goods seized are the property of the person suing in replevin. The fact that such goods are in the lawful possession of the person named in the writ of attachment or execution does not affect the right of the owner as against one taking possession of

them in hostility to him. The question of demand before suit by the owner to regain possession of his property depends upon whether the taking was lawful as against him. If the plaintiff in this case had a right to recover this property from the sheriff, no demand was necessary. The sheriff may have, in good faith, levied upon these goods, believing them to be the property of Clinton H. Hopkins; but, as the right of plaintiff to regain possession of them does not at all depend upon the good faith of the officer in taking them, there is no good reason, as shown in *Trudo v. Anderson*, 10 Mich. 357, for a demand before suit. The taking, if the plaintiff was owner, was a trespass, and would itself have constituted a conversion in trover without proof of a demand and refusal.

There are several assignments of error to the refusal of the circuit judge to give defendant's request to charge. These requests are not set out in the bill of exceptions, nor in the printed record, except as they appear in the assignments of error. These assignments form no part of the bill of exceptions, and we cannot presume against the validity of a judgment that a request to charge, not found in the bill of exceptions, was presented to the circuit judge, from the mere fact that such request is set out in the assignments of error. The assignments, therefore, as to the requests not given by the court, will not be considered. *Lindner v. Hine*, 84 Mich. 512.

It is assigned as error that the circuit judge modified the tenth request of defendant, which was as follows:

" The sale must be accompanied by an actual and continued change of possession as well as a nominal and constructive change, or the transaction will be deemed fraudulent as against creditors; and a construction which would allow the vendor or assignor of a stock of goods to continue in possession thereof, and to sell them out

as the agent of the purchaser or assignee, would render this statutory provision for the prevention and detection of frauds a mere nullity,"—by adding to the same: "That is, if you should find that Clinton H. Hopkins was left there in charge of the goods, to sell out, as a mere figure-head, and there was not an honest and open transfer."

It is claimed that this request, as presented, was good law, and applicable to the case under the ruling of this Court in *Doyle v. Stevens*, 4 Mich. 93; citing with approval the language of the court in *Butler v. Stoddard*, 7 Paige, 166. But it was held in *Doyle v. Stevens* that, if there was any evidence tending to show an open, outward change of possession and a continuation of it, it would be a question of fact for a jury. In this case the transaction between the plaintiff and his son was not concealed from any one. The day the alleged sale took place the fact was made known to McBryer, who was a creditor to the extent of over $1,800, and the clerk in the store was made acquainted with the change. All the possession that could have been taken was taken, except the putting out of the son as an employé, and the going in of the plaintiff to manage the store personally. The plaintiff was not a merchant, and, unless he was precluded, as a matter of law, from hiring the son to manage the business for him, the question whether or not there was such a change of possession as satisfied the statute was one for the jury to determine. We do not think the defendant was entitled to the request as worded, as it left out an important element, to wit, that, even where there is not such a change of possession as will remove the presumption that the sale is fraudulent, it is still open to the purchaser to show that the sale was made in good faith, and without any intent to defraud creditors.

But it is further contended that this modification of

the request placed the burden of proof upon the defendant to show that the transfer was fraudulent as against creditors, when the fact appearing, as it did, that the son was left in the full management of the business, negatived the idea of an actual and continued change of possession, and therefore put the burden, under the statute (How. Stat. § 6190), upon the plaintiff. And in this connection complaint is made of the charge of the court, as follows:

"And, indeed, in order to constitute a valid delivery and change of possession, it is not necessary that the buyer himself should actually have ever been present in the store or where the property is, but, if you believe that an actual sale was made to the plaintiff, he could authorize his son or any other person to take possession for him and hold possession."

And it is also averred that the statement by the court that the burden of proof was upon the defendant to show fraud in this case, also tended to lead the jury to believe that it was for the defendant, under the circumstances of the case, to prove that the transfer was a fraudulent one.

A careful examination of the charge of the court shows that the burden of proof was put upon the defendant to show that this sale was fraudulent as against creditors, without any reference to what the jury might find as a fact as to an actual and continued change of possession of the goods. This was error. There is no doubt that there was in law a sufficient immediate delivery; and if, upon the delivery of the key to plaintiff, he had gone into the store, and assumed the management of it, the mere fact of his hiring his son to help him in the business or the management of it would not have militated against his "actual and continued possession" under the

statute; but there was testimony tending to show that the key was returned to the son a few days afterwards, and that, so far as any outward evidence was concerned, the son was running the business after the sale the same as before. The jury should have been instructed that, if they found that the possession of these goods was not actually and continually in the plaintiff from the delivery up to the time of the levy, then it was for him to show that the sale was an honest one. It would not be necessary that the plaintiff himself should remain at the store and personally manage the business. He had the right to select an agent to do this for him. But he could not select a vendor of the goods as such agent, unless something was done to give the public to understand that the possession of the vendor was the possession of the plaintiff, and that there had been a change in the ownership of the goods. This change must be an "open, visible, substantial" one. *Clark v. Lee*, 78 Mich. 231.

The court had no right to send an answer to the jury-room to a question propounded in writing to him by the jurors, after they had retired to deliberate upon their verdict, without the consent of counsel in the case.

The judgment is reversed, and a new trial granted, with costs of this Court to defendant.

The other Justices concurred.