## HERZOG'S CLOAK AND SUIT CO., INC., APPELLANT, v. JOSEPH FEDORKO, RESPONDENT.

### Submitted July 3, 1918—Decided November 11, 1918.

A bailee entrusted with goods to be made up, who is to be paid for his labor, has a property in the goods which is subject to levy, and a constable levying thereon by virtue of process against the bailee has a lawful possession which makes necessary a demand for the goods before the bailor can maintain replevin.

On appeal from the Hudson Circuit.

The plaintiff had entrusted certain cloths and linings to one Weiner to be made into ladies' suits and returned to the plaintiff. The title to the material, it is said, was to remain in the plaintiff, and Weiner was to be paid for his work. The defendant, Fedorko, a constable, seized the goods by virtue of writs of attachment against Weiner out of the Bayonne District Court. The plaintiff brought this suit in replevin against Weiner and the constable. Weiner is not shown by the record to have been summoned, to have appeared or answered. The constable answered, setting out the attachments and that he had levied upon the goods and chattels of Weiner described in the complaint, and that they were the property of Weiner and not of the plaintiff. The trial judge directed a verdict for the defendant because no demand was made for the return of the goods before this action was brought.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the appellant, *Theodore Rurode.*

For the respondent, *Alfred Brenner.*

The opinion of the court was delivered by

SWAYZE, J. If the constable's possession was lawfully obtained, a demand was necessary. He claimed by virtue of writs against Weiner and clearly he had the right by virtue of those writs to levy on any interest Weiner might have in the property. Whether a mere bailee has an interest in the bailment which is subject to levy is sometimes a question of nicety, as may be seen by comparing *Dean* v. *Whitaker*, 1 *C. & P.* 347; 11 *E. C. L.* 411, with *Arnold* v. *Hatch*, 177 *U. S.* 276. In the present case we think the bailee's interest was sufficient to be subject to levy. We assume that the contract was as the plaintiff claims and that the title remained in the plaintiff. It was, of course, subject to the right of Weiner to make up the goods into ladies' suits and to his lien thereon for his pay. There was nothing to show a termination of this special property and it may have had a value available for Weiner's creditors. At any rate, we see no reason to think that it was not sufficiently tangible to be subject to levy. The question does not arise which was present in *Farrel* v. *Colwell*, 30 *N. J. L.* 123, and in *Hopkins* v. *Bishop*, 91 *Mich.* 328; 51 *N. W. Rep.* 902; 30 *Am. St. Rep.* 480, where the officer seized property of one person under process against another. It was therefore right to direct a verdict for the return of the goods. But the judgment entered sets forth that the verdict was generally in favor of the defendant and against the plaintiff, that the plaintiff take nothing by its writ, and that the defendant have a return of the goods and chattels, &c. This was not the verdict and should not be set forth as such. The judgment thereupon was that the plaintiff be dismissed and that the defendant have a return of the goods and chattels aforesaid and recover his costs. But this was not the proper judgment. The judgment should be that the plaintiff take nothing by its writ, that the defendant go thereof without day and that he have a return of the goods, and recover his costs. The matter is important as the issue joined in the case was on the question of title and the verdict did not settle that, but only the right to the immediate possession, and care should be taken that the judgment in this

case should not be in such form that it might hereafter be claimed as an estoppel on the question of title.

Let the judgment be modified accordingly.

The defendant is entitled to costs as he substantially prevails, and the error in the form of the judgment was not appealed from.