ARRINGTON et al. v. ROBERTSON.

No. 7328.

Circuit Court of Appeals, Third Circuit.

Sept. 9, 1940.

822

Thomas E. Comber, Jr., and William H. James, both of Philadelphia, Pa., for appellant.

B. Nathaniel Richter and Louis S. Hankin, both of Philadelphia, Pa., for appellees.

Before MARIS, JONES, and GOODRICH, Circuit Judges.

MARIS, Circuit Judge.

The sole question presented on this appeal is whether it was reversible error for the trial judge, in the absence of counsel for the parties and without notice to them, to send instructions in writing to the jury, pursuant to an inquiry by them, after they had retired from the court room and while they were in the jury room deliberating upon their verdict. The instructions thus given consisted of a copy of two points for charge which had been presented by the plaintiffs at the close of the trial judge's charge, affirmed by him and excepted to by the defendant. The plaintiffs urge that they correctly stated the law. In our view, however, their accuracy as abstract statements of the law is immaterial.

In Fillippon v. Albion Vein Slate Co., 250 U.S. 76, page 81, 39 S.Ct. 435, 436, 63 L.Ed. 853, the Supreme Court said: "We entertain no doubt that the orderly conduct of a trial by jury, essential to the proper protection of the right to be heard, entitles the parties who attend for the purpose to be present in person or by counsel at all proceedings from the time the jury is impaneled until it is discharged after rendering the verdict. Where a jury has retired to consider of their verdict, and supplementary instructions are required, either because asked for by the jury or for other reasons, they ought to be given either in the presence of counsel or after notice and an opportunity to be present; and written instructions ought not to be sent to the jury without notice to counsel and an opportunity to object. Under ordinary circumstances, and wherever practicable, the jury ought to be recalled to the courtroom, where counsel are entitled to anticipate,

and bound to presume, in the absence of notice to the contrary, that all proceedings in the trial will be had. In this case the trial court erred in giving a supplementary instruction to the jury in the absence of the parties and without affording them an opportunity either to be present or to make timely objection to the instruction. See Stewart v. Wyoming Ranche Co., 128 U.S. [383] 389, 390, 9 S.Ct. 101, 32 L.Ed. 439; Aerheart v. St. Louis, I. M: & S. Ry. Co. [8 Cir.] 99 F. 907, 910, 40 C.C.A. 171; Yates v. Whyel Coke Co. [6 Cir.] 221 F. 603, 608, 137 C.C.A. 327; and many decisions of the state courts collated in 17 L. R.A.(N.S.) 609; note to State of North Dakota v. Murphy, 17 N.D. 48, 115 N.W. 84, 16 Ann.Cas. 1133."

While the Supreme Court in the Fillippon case also pointed out that the additional instructions given were actually erroneous, its decision in the case appears to have been rested primarily on the manner in which the instruction was given. In Shields v. United States, 273 U.S. 583, page 588, 47 S.Ct. 478, 479, 71 L.Ed. 787, Chief Justice Taft said: "In the case of Fillippon v. Albion Vein Slate Co., 250 U. S. 76, 39 S.Ct. 435, 63 L.Ed. 853, which was a suit for damages for personal injuries, it appeared that after the trial judge had completed his instructions, and the jury had retired for deliberation, and while they were deliberating, they sent to the judge a written inquiry on the question of contributory negligence, to which the trial judge replied by sending a written instruction to the jury room, in the absence of the parties and their counsel, and without their consent, and without calling the jury in open court. A new trial was ordered *on this account.*" (Emphasis supplied.)

█ The due process clause of the Fifth Amendment to the Constitution requires that a defendant be accorded the right to be present in person or by counsel at every stage of his trial. Hopt v. Utah, 110 U.S. 574, 4 S.Ct. 202, 28 L.Ed. 262; Fillippon v. Albion Vein Slate Co., supra; Shields v. United States, supra. Orderly procedure requires that a plaintiff be accorded the same right. A party or his counsel may waive this right expressly. He may also waive it by voluntarily absenting himself from the courtroom in which the trial is being conducted, and in that case the trial judge may proceed with the trial in his absence even to the extent of recalling the jury from their deliberations for such additional instructions on the law as occasion may require. Stewart v. Wyoming Ranche Co., 128 U.S. 383, 9 S.Ct. 101, 32 L.Ed. 439.[1] But as was pointed out in the Fillippon case the parties are entitled to anticipate and bound to presume, in the absence of notice to the contrary, that all such proceedings will take place in open court in the courtroom assigned for the trial and will be reported by the court stenographer. Consequently a party or his counsel who voluntarily absents himself from the courtroom consents to such proceedings only as take place in the courtroom in his absence but not to proceedings which take place elsewhere. Ah Fook Chang v. United States, 9 Cir., 91 F.2d 805.

█ The action of the trial judge in the present case in sending instructions to the jury from his chambers in the absence of the defendant or his counsel and without giving them notice and an opportunity to be present amounted to a denial of due process of law. We hold that it was the denial of a right so fundamental as necessarily to affect the substantial rights of the defendant regardless of the nature or propriety of the instruction given. The inquiry of the jury and the trial judge's response were not reported by the court stenographer. The record does not disclose the phraseology of the jury's question. Consequently we cannot know whether the instructions given, even though entirely sound as abstract legal statements, were appropriate to answer it, or whether additional instructions, appropriate and indeed necessary to supplement those given, might not have been suggested to the trial judge by counsel for the defendant if he had been given the opportunity to be present.

---

[1] The suggestion of this court in Breslin v. National Surety Company, 3 Cir., 114 F.2d 65, that the rule of the Fillippon case prevents a trial judge from proceeding in open court in the voluntary absence of a party or his counsel, is not, we think, supported by the decision of the Supreme Court in that case and is directly contrary to its ruling in Stewart v. Wyoming Ranche Co., 128 U.S. 383, 9 S.Ct. 101, 32 L.Ed. 439, a case upon which, as we have seen, it relied in its opinion in the Fillippon case. Breslin v. National Surety Company may not, therefore, be regarded as authority upon this point.

It is urged that the parties agreed that the trial judge might take the verdict of the jury in their absence. This is conceded. Waivers of the right to be present at a particular stage of the trial are to be strictly construed, however. Consequently the waiver given in this case may not be extended beyond its express terms to authorize the action here taken. Shields v. United States, supra.

The judgment of the district court is reversed and the cause is remanded for a new trial.