## PARFET v. KANSAS CITY LIFE INS. CO.
### No. 2395.

Circuit Court of Appeals, Tenth Circuit.
May 19, 1942.

A. D. Quaintance and E. B. Evans, both of Denver, Colo., for appellant.

Grant, Shafroth & Toll, Morrison Shafroth, and Douglas McHendrie, all of Denver, Colo., for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

362

BRATTON, Circuit Judge.

A policy of insurance issued by Kansas City Life Insurance Company on the life of George W. Parfet contained a double indemnity provision in the event of death by accidental means but expressly excluded therefrom death by self-destruction, while sane or insane; the insured died of injuries caused by an explosion of dynamite; the face of the policy was paid; this suit was to recover on the double indemnity provision; the court submitted to the jury the question whether death was accidental or suicidal; a verdict was returned for the company; judgment was entered accordingly; and plaintiff appealed.

After the case had been finally submitted to the jury, and while the jury were engaged in their deliberations, they handed to the bailiff a note to the judge in which inquiry was made as to whether it was necessary that a motive be shown by the evidence in order to warrant the jury in finding that the death was by suicide. The bailiff handed the note to a deputy United States Marshal; he took it to the residence of the judge and there handed it to him; the judge directed the deputy to answer verbally "no"; and that was accordingly done. The parties and their attorneys were not present, were not consulted, and did not consent to such communication between the court and the jury. The matter to which the inquiry related had been covered in the instructions of the court, and it may be conceded that the answer was a correct statement of the law. But where a case has been submitted to the jury and in the course of their deliberations the jury request additional instructions, such instructions should be given in the presence of the parties or their attorneys, or after notice and opportunity to be present. It is error for the court to receive a communication of this kind from the jury and make reply thereto in the form of an additional instruction in the absence of the parties or their attorneys, or without notice and an opportunity to be present, even though substantial prejudice is not affirmatively shown. Fillippon v. Albion Vein Slate Company, 250 U.S. 76, 39 S.Ct. 435, 63 L.Ed. 853; Hopkins v. Bishop, 91 Mich. 328, 51 N.W. 902, 30 Am.St.Rep. 480; Mound City v. Mason, 262 Ill. 392, 104 N.E. 685; Lewis v. Lewis, 220 Mass. 364, 107 N. E. 970, L.R.A.1915D, 719, Ann.Cas.1917A, 395; Hrovat v. Cleveland R. Co., 125 Ohio St. 67, 180 N.E. 549, 84 A.L.R. 215. Compare, Shields v. United States, 273 U.S. 583, 47 S.Ct. 478, 71 L.Ed. 787; Fina v. United States, 10 Cir., 46 F.2d 643; Little v. United States, 10 Cir., 73 F.2d 861.

The company contends however that the evidence conclusively established suicide, and that therefore it affirmatively appears from the record that any error in the additional instruction or the manner in which it was given was harmless as no other verdict was possible under the evidence. There is no need to detail the evidence at length. It may be said in resume that there was no eye witness to the explosion, that some circumstances and certain statements made by the insured immediately after it occurred point strongly to suicide but that other circumstances indicate persuasively that it was an accident, and that no motive for suicide was shown. In Colorado, death by unexplained violence is presumed to have been accidental, and evidence establishing death by violence without explanation as to the manner in which the violence was inflicted constitutes prima facie proof that the death was accidental, Occidental Life Ins. Co. v. United States Nat. Bank of Denver, Colo., 98 Colo. 126, 53 P. 2d 1180; and, if under the evidence death by violence can be explained on any reasonable hypothesis other than suicide, it is the duty of the court or the jury to so find, Prudential Ins. Co. of America v. Cline, 98 Colo. 275, 57 P.2d 1205. Taken as a whole and fairly construed, the evidence did not conclusively establish suicide. Instead, it presented an issue for the jury. It follows that the communication passing between the court and the jury, in the absence of the parties or their attorneys and without notice and an opportunity to be present, cannot be regarded as harmless for the reason that under the evidence no other verdict could have been returned.

The action of the court in admitting in evidence a certified copy of a death certificate of the insured is challenged. It is provided by chapter 78, section 110, Colorado Statutes Annotated 1935, that a death certificate shall state inter alia "Causes of death, which may be the result of either disease or violence, shall be carefully defined; and, if from violence, its nature shall be stated, and whether (probably) accidental, suicidal, or homicidal"; and section 128 provides that a properly certified copy of such a certificate shall be prima facie evidence in all courts of the facts therein stated. The certificate contains this lan-

guage: "If death was due to external causes (violence) fill in also the following: Accident, suicide, or homicide? Suicide." It is contended that the certificate was inadmissible because the word "probably" was omitted. It has been held elsewhere that a certificate containing such a departure from a like statute is not admissible in evidence. Morton v. Equitable Life Ins. Co. of Iowa, 218 Iowa 846, 254 N.W. 325, 96 A.L.R. 315; Equitable Life Assur. Soc. of United States v. Stinnett, 6 Cir., 13 F.2d 820. But the Supreme Court of Colorado held that a certificate identical with this one in respect to the omission was admissible. Occidental Life Ins. Co. v. United States Nat. Bank of Denver, Colo., supra. It may be that the question of the effect of the omission of the word from the certificate was not specifically called to the attention of the court in that case. Still, the word was omitted, and yet the court held without qualification or condition that the certificate was admissible in evidence. Until that court holds otherwise, we are constrained to follow that pronouncement.

 The insured died in March, 1940. His son was a student at the University of Michigan and was to graduate in geology in June. The insured was very proud of his son, visited him several times at the university, planned to go with his wife to attend the graduation, and purchased new clothes and luggage in preparation for the trip. Plaintiff offered to prove by the son that he and his father had two conversations in Detroit, one in January, and the other in February, in which the insured stated that he intended to give the son a new automobile; that the gift was made, the automobile being delivered to the son about the time of the death of the insured; and that the insured further stated that he planned to build a laboratory for the son at Golden in which he could test from time to time the various clays being produced by the company which the insured owned in part and of which he was the manager, in order to demonstrate their marketability and advantage over other clays in that area, that as soon as the son finished at the university and could familiarize himself with the business the insured intended to take it a little easier, to leave the business in the hands of the son, and with his wife to spend more of their winters in California —at a lower altitude. The testimony, indicating plans of the insured running into the future beyond the date of his death, was admissible as a circumstance tending to negate suicide. Bennett v. Standard Acc. Ins. Co., Mo.App., 264 S.W. 27; Mutual Life Ins. Co. of New York v. Raymond, 176 Ark. 879, 4 S.W.2d 536; Metropolitan Life Ins. Co. v. Main, 90 Fla. 1, 107 So. 440; Iverson v. Prudential Ins. Co. of America, 126 N.J.L. 280, 19 A.2d 214.

According to the tender, the statements of the insured relating to his plans for the future were made about fifty days prior to his death. Of course, the intervention of that time went to the weight of the evidence. But the evidence was not so remote in time as to be inadmissible, and the court erred in excluding it.

Tenders of other evidence were made. It suffices to say without discussing the several tenders seriatim that we think the evidence was properly excluded.

The judgment is reversed and the cause remanded.