## VIVIAN v. GULF OIL CORP.
No. 9881.

United States District Court
E. D. Pennsylvania.
Feb. 28, 1952.

Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiff.

Krusen, Evans & Shaw, Philadelphia, Pa., for defendant.

GRIM, District Judge.

The jury in this case brought in a verdict for the defendant.

During its deliberations the jury sent the following note to the trial judge: "We think that both parties were equally guilty of negligence, but we would like to place the Court costs on the defendant. Can we do this?"

Without consulting counsel the trial judge answered the note by writing on the bottom of it the following reply and returning it to the jury: "You cannot do this. You have nothing to do with the placing of costs."

This action of the trial judge is the principal ground of plaintiff's motion for a new trial, which is the problem now before the court.

It would seem that the jurors were of the opinion that if both parties were equally guilty of negligence the plaintiff could not recover, and that with this in mind they brought in their verdict for the defendant. In this seaman's action under the Jones Act, 46 U.S.C.A. § 688, that is not a correct principle of law as the verdict should be cut in half, but not reduced to nothing, where both parties are equally guilty of negligence. Perhaps, if counsel for the plaintiff had been called at the time the note was received by the trial judge he would have requested additional instructions to the jury in reference to the effect of contributory negligence on the plaintiff's right to recover. If he had done this, undoubtedly his request would have been granted.

Since it seems clear that the jury misunderstood the court's admittedly proper charge, and the court did not give counsel an opportunity to suggest a correction of this misunderstanding, in the interest of justice a new trial should be granted. See Arrington v. Robertson, 3 Cir., 1940, 114 F.2d 821, 823, Parfet v. Kansas City Life Ins. Co., 10 Cir., 1942, 128 F.2d 361.

And now, February 28, 1952, it is ordered that plaintiff's motion for a new trial be and it is hereby granted.