George W. SNYDER, Plaintiff-Appellant,

v.

LEHIGH VALLEY RAILROAD COMPANY, Defendant-Appellee.

No. 12050.

United States Court of Appeals Third Circuit.

Argued Dec. 6, 1956.

Re-argued April 17, 1957.

Decided June 5, 1957.

On September 1, 1953, while working with a crew of men for the defendant Lehigh Valley Railroad at Rockdale, Pennsylvania, plaintiff was injured. The crew was engaged in track raising, an operation which consisted of dumping stone ballast on the roadbed after which jacks were used to raise the tracks with the ties still attached.

Plaintiff's job was to "knock-off" rail anchors with a sledge hammer. A rail anchor is a three-pound device designed to stabilize the rails. It is "J" shaped and curved to bear on the outside top of the base of the rail and along the entire bottom of the rail base. The inner part of the anchor is attached by a short notch over the flange of the rail so that the force of a hammer, applied in a downward direction to strike the top of the inner part, releases the anchor.

At the time of the accident plaintiff was straddled over the rail with his right foot inside it and his left foot on the outside on top of the curved portion of the anchor. Plaintiff knocked a rail anchor off by following the normal procedure. The anchor flew out, struck a stone which flew into the air and struck his eye glasses resulting in injury to his eye.

Plaintiff testified that sometime in 1951 while he was pick-hammer tamping, a stone came up and hit him in the face, and as a result of that incident he requested goggles of the foreman while on the anchor removing job in 1951 and was told that none was available.

The trial judge, following submission of the case to the jury and their retirement to the jury room for deliberation, proceeded to hear another case. While the latter was in progress the jury sent the trial judge a written inquiry as to whether plaintiff was receiving workmen's compensation. The trial judge, without notice to counsel or their knowledge, orally instructed the marshal to advise the jury that the answer to their question was in the negative.

Seymour I. Toll, Philadelphia, Pa. (Richter, Lord & Levy, Philadelphia, Pa., on the brief), for appellant.

Robert W. Sayre, Philadelphia, Pa. (Joseph Neff Ewing, Jr., Saul, Ewing, Remick & Saul, Philadelphia, Pa., on the brief), for appellee.

Before BIGGS, Chief Judge, and MARIS, GOODRICH, McLAUGHLIN, KALODNER, STALEY and HASTIE, Circuit Judges.

KALODNER, Circuit Judge.

Was reversible error committed by the trial judge when, without notice to counsel or their knowledge, in response to an inquiry from the jury while they were considering their verdict in the jury room, he sent the jury supplementary oral instructions?

That is the primary question presented on this appeal from the judgment of the United States District Court for the Eastern District of Pennsylvania in an action under the Federal Employers' Liability Act.[1]

The facts may be summarized as follows:

1. 45 U.S.C.A. § 51 et seq.

The jury later returned the following verdict:

"Well we the jury unanimously agree that the defendant nor plaintiff is guilty of negligence. The jury also awards the sum of $5,000 and a life job at a guaranteed yearly wage to the plaintiff, Mr. George Snyder."

In response to an inquiry from the trial judge as to the verdict, the forelady of the jury stated that "we just decided it was a freak accident." At the request of counsel for the plaintiff, the jury was polled on the question, "do you find the defendant negligent?" Each juror answered this question in the negative. The trial judge thereupon entered judgment for the defendant.

Plaintiff's motion for a new trial was denied, and in a memorandum opinion the trial judge stated that a verdict should have been directed for the defendant.[2]

On this appeal the plaintiff contends: (1) the trial judge erred with respect to his supplementary oral instruction to the jury in the absence of counsel; (2) there was sufficient evidence of negligence to submit the case to the jury; (3) the verdict was invalid on its face by reason of its inconsistency.

Plaintiff's first contention is supported by the decided cases.

In Fillippon v. Albion Vein Slate Co., 1919, 250 U.S. 76, at page 81, 39 S.Ct. 435, at page 436, 63 L.Ed. 853 (a personal damage suit) the Supreme Court said:

"We entertain no doubt that the orderly conduct of a trial by jury, essential to the proper protection of the right to be heard, entitles the parties who attend for the purpose to be present in person or by counsel at all proceedings from the time the jury is impaneled until it is discharged after rendering the verdict. *Where a jury has retired to consider of their verdict, and supplementary instructions are required, either be-cause asked for by the jury or for other reasons, they ought to be given either in the presence of counsel or after notice and an opportunity to be present; and written instructions ought not to be sent to the jury without notice to counsel and an opportunity to object.* Under ordinary circumstances, and wherever practicable, the jury ought to be recalled to the courtroom, where counsel are entitled to anticipate, and bound to presume, in the absence of notice to the contrary, that all proceedings in the trial will be had. In this case the trial court erred in giving a supplementary instruction to the jury in the absence of the parties and without affording them an opportunity either to be present or to make timely objection to the instruction."* (Emphasis supplied.)

The principles stated were subsequently applied by the Supreme Court in Shields v. United States, 1927, 273 U.S. 583, 47 S.Ct. 478, 71 L.Ed. 787, a criminal case.

In Arrington v. Robertson, 1940, 114 F.2d 821, 822 the question presented to this Court was "whether it was reversible error for the trial judge, in the absence of counsel for the parties and without notice to them, to send instructions in writing to the jury, pursuant to an inquiry by them, after they had retired from the court room and while they were in the jury room deliberating upon their verdict."

Holding that the accuracy of the instructions as abstract statements of the law was immaterial, we said at page 823:

"The action of the trial judge in the present case in sending instructions to the jury from his chambers in the absence of the defendant or his counsel and without giving them notice and an opportunity to be present amounted to a denial of due process of law. We hold that it was the denial of a right so fundamental as

---

2. Snyder v. Lehigh Valley Railroad Co., D. C.E.D.Pa.1956, 143 F.Supp. 680.

necessarily to affect the substantial rights of the defendant regardless of the nature or propriety of the instruction given. The inquiry of the jury and the trial judge's response were not reported by the court stenographer. The record does not disclose the phraseology of the jury's question. Consequently we cannot know whether the instructions given, even though entirely sound as abstract legal statements, were appropriate to answer it, or whether additional instructions, appropriate and indeed necessary to supplement those given, might not have been suggested to the trial judge by counsel for the defendant if he had been given the opportunity to be present."

It may be noted parenthetically that in Arrington v. Robertson, supra, we observed (at page 823) with reference to the Fillippon case:

"While the Supreme Court in the Fillippon case also pointed out that the additional instructions given were actually erroneous, its decision in the case appears to have been rested primarily on the manner in which the instruction was given."

With respect to the foregoing defendant urges that not all communications between a judge and jury in the absence of counsel constitute error requiring the granting of a new trial; that it is only where prejudice is plainly evident or may reasonably be presumed that a new trial should be granted. Here, says the defendant, the record establishes that the plaintiff could not possibly have been prejudiced by the communication between the trial judge and the jury. In reply the plaintiff contends that the communication between judge and jury was affirmatively prejudicial to the plaintiff.

The trial judge, in his memorandum opinion denying plaintiff's motion for a new trial, D.C.E.D.Pa.1956, 143 F.Supp. 680, characterized the jury's inquiry as to whether the plaintiff was receiving workmen's compensation as "immaterial and inconsequential" but justified his answer on what was in effect his factual finding that the plaintiff had injected the issue of workmen's compensation into the case. Said the trial judge in his memorandum opinion at page 682:

"During the argument to the jury, *counsel for plaintiff repeatedly advised the jury that the plaintiff was not the beneficiary of workmen's compensation,* and that he depended wholly upon the verdict of the jury to compensate him for his injuries. \* \* \* During the deliberation of the jury, and while the court was engaged in the trial of another cause, a written inquiry was made through an attendant deputy marshal as to whether the plaintiff was receiving workmen's compensation. *Relying upon the repeated statements of counsel for plaintiff that the plaintiff was not receiving workmen's compensation, the court answered the jury's question in the negative.* The case on trial was not interrupted to call the jury into the courtroom nor was counsel advised of the message, for the reason that only one answer could have been returned. It was an immaterial and inconsequential inquiry." (Emphasis supplied.)

It must immediately be noted that the record indisputably discloses that there was no basis for the trial judge's premise that plaintiff's counsel had in his summation " \* \* \* repeatedly advised the jury that the plaintiff was not the beneficiary of workmen's compensation \* \* \* ." There was no reference to workmen's compensation by plaintiff's counsel in his summation to the jury nor was workmen's compensation mentioned by him or counsel for the defendant or any of the witnesses during the course of the trial. It is thus apparent that in determining that he had not committed prejudicial error as to require a new trial by reason of his receiving and answering the inquiry of the jury, in the absence of counsel, the trial judge was acting upon an erroneous factual premise.

We are of the opinion that the communication between the trial judge and the jury in the instant case cannot be said to have been harmless or merely collateral. Irrespective of the factual accuracy of the reply to the jury's inquiry or the failure of a positive affirmative showing of substantial prejudice, the circumstances surrounding the communication require that a new trial be granted.[3]

The trial judge's characterization of the jury's question as to workmen's compensation as "an immaterial and inconsequential inquiry" is correct. He erred, however, in not so stating to the jury, in the presence of counsel; putting aside the matter of such presence, he should have admonished the jury that the plaintiff's receipt or non-receipt of workmen's compensation was not in the case; that they must put it out of their minds. Instead, by his reply the trial judge in effect gave judicial sanction to the jury's consideration of an issue which was not only irrelevant but foreign to the basic question of negligence which it was to decide. Moreover, the reply amounted to testimony given after the case was closed, with no opportunity to either counsel to object to its admission on the ground of irrelevancy.

The contradictory and irreconcilable verdict of the jury demonstrates that it was, to put it mildly, a confused and bewildered one. The possibility that it might have been influenced to reach a verdict of non-negligence on the part of defendant by reason of the circumstance that the plaintiff was not receiving workmen's compensation cannot be lightly discounted. Indeed, it could possibly have considered the non-receipt of compensation as indicative of absence of liability of the defendant by reason of its non-negligence.

Whether the sum total of the possibilities stated amounted to a positive affirmative showing of substantial prejudice is unnecessary to a finding that the communication between judge and jury in the absence of counsel here constituted reversible prejudicial error. The strong possibility of substantial prejudice demonstrated here is more than sufficient.

In Parfet v. Kansas City Life Ins. Co., 10 Cir., 128 F.2d 361, 362 certiorari denied 1942, 317 U.S. 364, 63 S.Ct. 50, 87 L.Ed. 526, it was held that reversible error is committed " * * * even though substantial prejudice is not affirmatively shown" where additional instructions are given by the trial judge to the jury in the absence of the parties or their counsel. And in Fillippon v. Albion Vein Slate Co., supra, 250 U.S. at page 82, 39 S.Ct. at page 437, the Supreme Court held such instructions to be *"presumptively injurious * * * [furnishing] ground for reversal unless it affirmatively appears that they were harmless."* (Emphasis supplied.) [4]

One other point.

■ We do not agree with the trial judge's view that a verdict should have been directed for the defendant. The Supreme Court in Federal Employers' Liability Act cases has time and again condemned directed verdicts for the defendant on the ground of insufficiency of evidence. Ellis v. Union Pacific Railroad Co., 1947, 329 U.S. 649, 67 S.Ct. 598, 91 L.Ed. 572; Lavender v. Kurn, 1946, 327 U.S. 645, 66 S.Ct. 740, 90 L.Ed. 916; Tennant v. Peoria & Pekin Union Railway Co., 1944, 321 U.S. 29, 64 S.Ct. 409, 88 L.Ed. 520; Bailey v. Central Vermont Railway, Inc., 1943, 319 U.S. 350, 63 S.Ct. 1062, 87 L.Ed. 1444; Tiller v. Atlantic Coast Line Railway Co. 1943, 318 U.S. 54, 63 S.

---

3. While the affidavit relating the facts concerning the communication between the trial judge and the jury was not served timely, the trial judge fully considered in his memorandum opinion the facts surrounding the communication. This opinion is part of the record. Fed.R.Civ.P. 75(g), 28 U.S.C.

4. See also Little v. United States, 10 Cir., 1934, 73 F.2d 861, 864, 865, 96 A.L.R. 889; Ah Fook Chang v. United States, 9 Cir., 1937, 91 F.2d 805, 810; Vivian v. Gulf Oil Corp., D.C.E.D.Pa.1952, 103 F.Supp. 391, 392.

Ct. 444, 87 L.Ed. 610. So long as an evidentiary basis for a jury verdict exists, the jury should be permitted to exercise its judgment. Lavender v. Kurn, supra, 327 U.S. at page 653, 66 S.Ct. at page 744. To the same effect see the recent cases of Rogers v. Missouri Pacific Railroad Co., 1957, 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493; Ferguson v. Moore-McCormack Lines, 1957, 352 U.S. 521, 77 S.Ct. 443, 459, 1 L.Ed.2d 515. See also Hoyt v. Central Railroad, 3 Cir., 1957, 243 F.2d 840.

■ Here the trial judge submitted the case to the jury, and in his instructions recognized that it was the jury's function to determine whether the defendant had breached its duty in failing to exercise the proper degree of care. "In this situation the employer's liability is to be determined under the general rule which defines negligence as the lack of due care under the circumstances; or the failure to do what a reasonable and prudent man would ordinarily have done under the circumstances of the situation * * * ." Tiller v. Atlantic Coast Line Railroad Co., supra, 318 U.S. at page 67, 63 S.Ct. at page 451. If the measures employed by the defendant were inadequate to protect plaintiff in the course of his employment, and the failure to provide such adequate protective devices was below the standard of due care required, then defendant was negligent. Cf. Urie v. Thompson, 1949, 337 U.S. 163, 178, 69 S.Ct. 1018, 93 L.Ed. 1282.

■ Plaintiff was not wearing safety goggles on the occasion of the accident. If he had been, the accident would not have caused injury to him. He was never issued goggles by the defendant notwithstanding the fact that he had previously asked for them. On such evidence, in light of the circumstances of the situation, the jury could have inferred that the defendant was negligent.[5] The trial judge would have erred had he directed a verdict for the defendant.

Plaintiff also contends that the verdict was invalid on its face because of its patent inconsistency. We need not consider that contention in view of the conclusions above stated.

For the reasons stated the judgment of the district court will be reversed with directions to proceed in accordance with this opinion.

MARIS, GOODRICH, McLAUGHLIN and HASTIE, Circuit Judges (concurring).

We join in the opinion of the court and in its conclusion that the trial judge's communication to the jury in the absence of the parties and their counsel cannot be said to have been harmless or merely collateral and that it accordingly makes a new trial imperative. We reserve judgment, however, on the question whether a new trial must be granted solely because of such a communication if the communication is clearly shown to be harmless to the parties or wholly collateral to the issues under consideration by the jury. The case before us is not such a case nor do we understand that such a case was presented in Fillippon v. Albion Vein Slate Co., 1919, 250 U.S. 76, 39 S.Ct. 435, 63 L.Ed. 853, or in Arrington v. Robertson, 3 Cir., 1940, 114 F.2d 821.

---

5. Cf. Chicago, Rock Island & Pacific Railroad Co. v. Lint, 8 Cir., 1954, 217 F.2d 279; Virginian Railway Co. v. Viars, 4 Cir., 1952, 193 F.2d 547.