**Carl D. CITRON, Appellant,**

v.

**ARO CORPORATION, a Foreign Corporation.**

No. 15643.

United States Court of Appeals Third Circuit.

Argued May 19, 1966.

Decided May 11, 1967.

Frank W. Ittel, Pittsburgh, Pa. (Frank W. Ittel, Jr., Charles C. Cohen, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., Edward M. Citron, Pittsburgh, Pa., on the brief), for appellant.

George B. Newitt, Chicago, Ill. (J. Robert Maxwell, Gerald W. Weaver, Maxwell, Huss & Weaver, Pittsburgh, Pa., Bair, Freeman & Molinare, Chicago, Ill., on the brief), for appellee.

Before STALEY, Chief Judge, and McLAUGHLIN and SMITH, Circuit Judges.

## OPINION OF THE COURT

WILLIAM F. SMITH, Circuit Judge.

This is a civil action in which the plaintiff, as assignee of the rights of one David Roth, sought damages, an accounting for profits, and an injunction. The complaint stated three separate claims for relief alleging (1) breach of a confidential relationship and the unlawful conversion of a trade secret, the subject matter of which was a surgical instrument; (2) conspiracy to violate certain fiduciary obligations owned to the assignor by reason of an agreement; and (3) fraud in the prosecution of a patent application covering the said surgical instrument. In addition to the usual denials of the pertinent allegations of the complaint the defendant's answer contained a counterclaim based upon trade libel. The present appeal is from a judgment in favor of the defendant entered on the jury's answers to 16 special interrogatories. There is no appeal from the judgment in favor of the plaintiff on the counterclaim.

The plaintiff urges reversal of the judgment on several grounds but his

main argument is that the manner in which the trial was conducted was so highly prejudicial to his case as to amount to a denial of due process. The validity of this argument must be measured against the background of the trial as a whole: the complexity of the litigation; the length of the trial; the quantity of evidence received; and, the difficulty of the task which confronted the jury.

We are convinced from our review of the voluminous record before us that the case was a difficult one for the jury not only because of the length of the trial but also because of the multiplicity and the complexities of the issues involved. The determination of these issues required the appliction of legal principles with which the average juror cannot be expected to be familiar. The difficulty of the task which confronted the jury is indicated by the magnitude of the record. There are reproduced in the Appendix more than 4000 pages of testimony given by 21 witnesses, and close to 200 documentary exhibits, many of them voluminous. These include both patents and prior art references offered in defense of the trade secret claim.

The actual trial of this case, exclusive of the time necessarily devoted to the hearing of motions, required 32 full days but moved forward intermittently and sporadically for a period of three months, from January 27 to April 29, 1965, when the case was finally submitted to the jury. During this period the trial, and particularly the presentation of the plaintiff's evidence, was interrupted by periodic recesses. The first recess of five days was granted at the request of the defendant, without objection by the plaintiff, after only three days of trial. This was later followed by two intermissions, each of one day's duration.

The recess, which may have adversely affected the case of the plaintiff most seriously, was one of 11 days, exclusive of Saturdays and Sundays, declared at the close of court on February 25, when, for all practical purposes, the presentation of the plaintiff's evidence had been concluded. This intermission was ordered sua sponte by the trial judge and for his own accommodation. The trial was resumed on the morning of March 15, and thereafter continued without interruption for 19 days, during which the defendant presented its evidence and concluded its case. Thereafter the jury was in recess from April 9 to April 22; during this period several days were devoted to hearing arguments on the court's proposed jury instructions and the request for instructions by counsel. The case was finally submitted to the jury on April 29, fully two months after the close of the plaintiff's evidence.

We recognize at the outset that in the trial of the protracted case by a jury, a plaintiff is usually under a tactical disadvantage incident to the accepted order of proof. Such a disadvantage may be unavoidable but it is considerably minimized if the trial is moved along with reasonable continuity so as to permit the orderly and intelligible presentation of testimony. Prolonged recesses, such as those which characterized the trial of this case, are not warranted except where the exigencies are such as to make them imperative.

The presentation of the plaintiff's evidence, interrupted by eight days of intermission, required but eleven days. At the close of this evidence on February 25, the trial was adjourned until March 15. It can be reasonably assumed that during the adjournment the jurors returned to their usual employment and became occupied in their own affairs. After the trial resumed on March 15, the jury heard 19 days of testimony offered by the defendant without interruption. The uncertainty of memory being what it is ordinarily, it would be unreasonable to expect that under the circumstances here present the jurors would retain a completely revivable grasp of eleven days of testimony offered by the plaintiff more than two months before the case was finally submitted to them for consideration. Absent such a grasp the jury was in no position to adequately weigh the testimony offered by the plaintiff

against that offered by the defendant. This the jurors were required to do if they were to arrive at a fair and just verdict.

■ We are persuaded by our review of the record as a whole that the manner in which the trial of this case was conducted was erroneous. However, the question for decision is whether the error may be disregarded as harmless in the absence of an affirmative showing of prejudice. We think not. We believe that the trial was conducted in a manner which in its ultimate effect was distinctly favorable to the defendant and decidedly unfavorable to the plaintiff.

■ Since the error was one related to the substantial rights of the plaintiff, and prejudice was clearly within the range of possibility, a demonstration of prejudice was not required. Snyder v. Lehigh Valley Railroad Company, 245 F.2d 112, 115 (3rd Cir. 1957). It is the settled rule that an error "which relates to the substantial rights of a party is ground for reversal unless it *affirmatively* appears from the whole record that it was not prejudicial." McCandless v. United States, 298 U.S. 342, 347, 348, 56 S.Ct. 764, 766, 80 L.Ed. 1205 (1936) and the cases therein cited; Sears v. Southern Pacific Company, 313 F.2d 498, 503 (9th Cir. 1963). It did not so appear in the instant case.

■ It must be conceded, as the defendant argues, that the plaintiff interposed no objection to the prolonged recesses. The plaintiff's failure to object, although not completely excusable, is understandable. On the second day of trial the judge, referring to a contemplated trip, announced:

> "I have had this planned for many months and I am not going to forget it for this case or any other case * *. I am leaving this city on February 25th and I will not be back until March 15th, so you can plan your affairs accordingly."

To require an objection after such an emphatic announcement would seem to place an undue emphasis on form.

■

■ However, the absence of timely objection does not necessarily preclude the consideration of error which may have resulted in a miscarriage of justice. Pritchard v. Liggett & Myers Tobacco Company, 350 F.2d 479, 486 (3rd Cir. 1965) cert. den. 382 U.S. 987, 86 S.Ct. 549, 15 L.Ed.2d 475. We believe that the error in this case adversely affected the right of the plaintiff to a fair and impartial trial.

The judgment of the court below will be reversed and the action will be remanded with a direction that a new trial be ordered.