**YOUNG & SIMON, INCORPORATED; Maury Young; and Isabel Young, Appellants,**

v.

**MERRITT SAVINGS & LOAN, INCORPORATED; Gilbert H. Cullen; Milton Sommers, Appellees.**

No. 81-1135.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 3, 1981.

Decided March 1, 1982.

Rehearing and Rehearing En Banc Denied April 30, 1982.

Michael S. Marcus, Arlington, Va. (William E. Donnelly, Lewis, Wilson, Lewis & Jones, Ltd., Arlington, Va., on brief), for appellants.

Richard E. Dixon, Fairfax, Va. (Swinburne & Dixon, Fairfax, Va., on brief), for appellees.

Before WIDENER, PHILLIPS and SPROUSE, Circuit Judges.

JAMES DICKSON PHILLIPS, Circuit Judge:

Young & Simon, Inc., (Young) sued Merritt Savings & Loan (Merritt) for wrongful foreclosure of a residential property called Potomac House, which was sold at a distress sale in late 1979 and resold in early 1980 after the trustee released the 1979 bidders. Young's primary complaint involved Merritt's alleged failure to abide by the terms of a joint venture agreement between the parties, whereby Merritt had purportedly agreed not to foreclose so long as Young was using its best efforts to sell the property to a third party, and alleged violations of fiduciary duty owed to Young by an attorney named Sanders, Merritt's agent and the trustee in the foreclosure. Merritt denied the existence of a joint venture agreement with Young; contended that Sanders had acted properly under the terms of the Deed of Trust and certain promissory notes, and counterclaimed for a deficiency amount due under the trust.

The trial of these numerous complicated factual issues was heard before a jury on October 15–17 and November 17–21, 1980. Just before trial commenced on October 15, and without prior warning, the district court indicated to counsel that the trial would be interrupted on October 17 for about three weeks on account of the judge's scheduled surgery. Young's attorneys unsuccessfully sought a continuance; they argued before and after the twenty-three day hiatus that the continuance interfered with the presentation of their case by splitting it in half.[1]

At the close of trial Merritt's motion for directed verdict was granted on eleven of the fourteen counts in the complaint. Six questions were submitted to the jury on a special verdict form; the verdict was in Merritt's favor on all issues and the court subsequently assessed a deficiency against Young in the amount of $139,770 plus interest.

In the exercise of this Court's supervisory jurisdiction we are remanding this case for a new trial. The issues in Young's case were factually involved and required systematic and cohesive evidentiary support. Young was deprived of a fair opportunity for intelligible presentation by virtue of the three-week interruption of the case in chief. That interruption may well have affected proof of the existence of a joint venture agreement, of insufficient promotion and advertisement of the sale under the circumstances, of Sanders' potential conflict of interests as both Merritt's attorney and trustee for Young & Simon, of an "intentional" sacrifice of the property at the final sale, and of fiduciary breach by Sanders in releasing the defaulting purchasers without Young's consent.

While we recognize that in the ordinary course every plaintiff bears some tactical handicap stemming from the regular order of proof at trial, we think that handicap was unacceptably magnified here by disruption of the "reasonable continuity [required] to permit the orderly and intelligible presentation of testimony." *Citron v. Aro Corp.*, 377 F.2d 750, 752 (3d Cir.), *cert. de-*

---

1. Before the interruption Young put on three witnesses and was in the middle of examining Sanders, called as an adverse witness, when on October 17, the adjournment began. Young's whole case consisted of testimony by seven witnesses. Of the four post-interruption days of trial, 3½ days featured the remainder of plaintiff's case.

*nied*, 389 U.S. 973, 88 S.Ct. 473, 19 L.Ed.2d 466 (1967).

In view of the fact that the substantial right of the plaintiff to a fair and impartial trial is implicated and that prejudice is "clearly within the range of possibility," *id.* at 753, we need not pass judgment on the questions whether Young was in fact prejudiced by the hiatus at short notice or whether the trial court abused its discretion in declining to grant a continuance. We hold only that because we cannot tell precisely what impact so extended an interruption had on the trial of the case and because the possibilities for prejudice arising from the unusual practice here followed by the district court [2] are so manifest, a new trial is required in the interests of justice.

In the exercise of our supervisory jurisdiction we vacate the judgment of the district court and remand with the direction that a new trial be ordered.

**VACATED AND REMANDED.**

---

**2.** Intending to lay down no general rule that interruptions of this general length necessarily require continuance or mistrial, we emphasize the following special aspects of this case. First, counsel timely and persistently objected to the action when it was proposed, when it occurred, and after the trial ended. The fact that counsel anticipated the possibility of prejudice was brought home to the court in ample time to take the alternative course of continuing the trial whole. There is no suggestion that objecting counsel, representing a plaintiff presumably anxious to press its claim, was motivated in moving for continuance by any concerns except those advanced. The interruption was not caused by an unforeseen mid-trial emergency of the type that will frequently arise and for which the appropriate best solution may well be temporary adjournment rather than mistrial. Finally, there is the fact that the district court was itself obviously concerned about the possibility of prejudice to the plaintiff's presentation of its case flowing from the extended interruption. Before the adjournment, the court indicated a disposition to allow plaintiff's counsel an opportunity following the interruption to summarize for the jury the evidence earlier received. In the event, however, this was not carried through.

Finally, we observe that it is obvious that the district court acted only out of commendable zeal to utilize its time and resources to the full extent possible.