### HAGEN et al. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. October 11, 1920. Rehearing Denied December 6, 1920.)

No. 3442.

1. Criminal law ☞528—Confession of one defendant admissible, on joint trial.

It is not error to admit in evidence a confession of one conspirator on the joint trial of himself and others, where the jury is instructed that it may be considered only as against him.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. **Conspiracy ☞40—Joinder of new party does not make new conspiracy.**

 One who joins a conspiracy after it has been formed by others becomes a party to it from that time, and his joinder does not create a new conspiracy.

3. **Criminal law ☞823(2)—Instruction as to effect of confession held not error in view of cautionary instructions.**

 In a trial for conspiracy, where a confession voluntarily signed by one defendant was read to the jury, and was corroborated by other evidence, an instruction that the statement was binding on him *held* not error, as directing a verdict against him, where the jury were further told to disregard any opinion the judge may have expressed on the facts.

4. **Criminal law ☞636(7)—Recalling jury in absence of defendants not error.**

 The fact that defendants were not present in court when the judge recalled the jury and withdrew a written confession made by one defendant, which the jury had taken to their room, at the same time repeating a part of his charge relating to the effect of the confession, *held* not to render such action reversible error, where defendants were not in custody and their absence was voluntary.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Criminal prosecution by the United States against Ed Hagen, Ed Carey, Walter F. Patton, and Dick Russell. Judgment of conviction, and defendants bring error. Affirmed.

John F. Dore, George H. Rummens, John J. Sullivan, John F. Murphy, and Walter Schaffner, all of Seattle, Wash., for plaintiffs in error.

Robert C. Saunders, U. S. Atty., of Seattle, Wash., and Ben L. Moore, Sp. Asst. Atty. Gen., for the United States.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. The plaintiffs in error were convicted of a conspiracy to violate section 35 of the Penal Code (Comp. St. § 10199), by stealing certain intoxicating liquors belonging to and in the possession of the United States. The indictment charged that the conspiracy was entered into by the plaintiffs in error and four others, to wit, Locknane, Morrison, Smart, and Tom Russell, on or about March 22, 1919, and that it was a continuing one. The indictment set forth two overt acts: First, the taking of a certain portion of the liquor on the night of March 29; and, second, the taking of the remainder on the night of March 30.

[1] Carey, one of the plaintiffs in error, made a written confession, which was read in evidence on the trial. Error is assigned to the admission of that confession on the ground that Carey had no part in the formation of the original conspiracy and did not join therein until March 30, that there were two conspiracies, and that Carey was not implicated in that which was charged in the indictment. In admitting the testimony the court below stated to the jury that the confession was to be considered as a statement from Carey only, and not as binding any of the other defendants, and in instructing the jury the court said

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

that "the statement may not be considered evidence against any one in the case except Carey himself." There was no error in thus admitting the evidence.

[2] There was but one conspiracy. Its purpose was accomplished in part on the 29th and in part on the 30th. The unlawful conspiracy had not been abandoned before the 30th. Carey made himself a party to the conspiracy, as was shown by his participation in the overt act of March 30, and thereby he became responsible as the others. United Mine Workers of America v. Coronado Coal Co., 258 Fed. 829, 838, 169 C. C. A. 459; Thomas v. United States, 156 Fed. 897, 910, 84 C. C. A. 477, 17 L. R. A. (N. S.) 720; United States v. Cassidy (D. C.) 67 Fed. 698; United States v. Babcock, 3 Dill. 581, 585, Fed. Cas. No. 14,-487. Said Judge Dillon in the case last cited:

"Any one who, after a conspiracy is formed, and who knows of its existence, joins therein, becomes as much a party thereto, from that time, as if he had originally conspired."

[3] Error is assigned to an instruction in which the court charged the jury:

"The defendant Locknane has entered a plea of guilty to the charge in this case. * * * The defendant Carey has made a written statement, which has been admitted in evidence, and which has been read to you. * * * Now this statement is binding upon the defendant Carey. * * * In other words, you can find a verdict of guilty against one or all of the defendants. One man cannot conspire, but in this case Locknane has already pleaded guilty, and Carey has admitted in writing that he is guilty, and that makes two."

It was true that Carey had admitted in writing that he was guilty. His confession was a clear admission of his guilt, and it was corroborated by proof that the liquor which he stated that he took was found where he stated that he had placed it. The court, in giving the instruction which is criticized, did not charge the jury to find the defendant Carey guilty. The court took pains to tell the jury at the close of the charge that they were the sole judges of the facts, and said:

"If I have inadvertently intimated to you any opinion I may have of any fact, I desire you to disregard that and conclude solely upon the facts."

It is not disputed that Carey's confession was given freely and voluntarily, and without coercion of any kind. He did not take the stand to testify in his own behalf, and there was no evidence which tended in any way to discredit his confession. In charging upon the effect of that confession, the court did not go beyond the range of comment permissible in a federal court.

[4] The jury, on retiring to consider of their verdict, were allowed to take with them the written confession of Carey, over the objection of the latter's counsel. Shortly thereafter the jury, by direction of the court, were recalled, and the court said:

"I simply recalled you for the purpose of withdrawing from your consideration the statement made by Carey. I stated that could only be considered as against Carey, and against no one else. This has been read to you, and I am not going to send that to the jury room. You will simply have to

remember it as it was read. You will not consider that in relation to any of the defendants, except Carey."

On behalf of the plaintiffs in error Carey, Patton, and Russell, this action of the court is assigned as error, on the ground that they and their counsel were absent from the courtroom. As to the absence of the former, the contention is answered by the fact that the said plaintiffs in error were not in custody, and that they voluntarily absented themselves from the courtroom. The rule is stated in Diaz v. United States, 223 U. S. 442, 455, 32 Sup. Ct. 250, 254 (56 L. Ed. 500, Ann. Cas. 1913C, 1138):

"Where the offense is not capital, and the accused is not in custody, the prevailing rule has been that if, after the trial has begun in his presence, he voluntarily absents himself, this does not nullify what has been done or prevent the completion of the trial, but, on the contrary, operates as a waiver of his right to be present, and leaves the court free to proceed with the trial in like manner and with like effect as if he were present."

But the plaintiffs in error cite authorities to the doctrine that, if any statements "material to the issue are made by the judge to the jury in the absence of defendant and his counsel, and to the defendant's prejudice," they will be ground for reversal, and that it is error for the judge "to alter his charge after the jury has retired, unless in open court in the presence of the parties." In the present case the judge made no alteration of the charge, nor did he make any statement material to the issue. He simply withdrew from the jury a paper that had been allowed to go to the juryroom, and repeated a statement, which he had made in his charge to the jury, that they were not to consider that instrument in relation to any of the defendants, except Carey. Carey could make no objection to such withdrawal of the instrument, for he had objected to its submission to the jury, nor could the other defendants in any way be prejudiced thereby. At most, what occurred was but an irregularity, which should not have the effect to require that a trial be set aside, which in other respects was fairly and properly conducted.

Fillippon v. Albion Vein Slate Co., 250 U. S. 76, 39 Sup. Ct. 435, 63 L. Ed. 853, is not authority to the contrary. That case differs from the case at bar, in that there the trial court, in the absence of the parties, made statements to the jury material to the issue, by sending to the jury a supplemental instruction in writing on the question of contributory negligence. This was held error, for the reason that the parties had no opportunity to direct the mind of the trial judge to the point on which it was supposed he had erred in law, so that he might reconsider it and change his ruling, if convinced of error.

A case in point is Dodge v. United States, 258 Fed. 300, 169 C. C. A. 316, where the trial court, in the absence of the defendant and his counsel, had answered a question of the jury whether or not they might convict under a certain count of the indictment. Said the Circuit Court of Appeals:

"In the instant case it is evident that no possible harm resulted or could result from the communication which passed between court and jury. The communication gave the jury no information which was not contained in the

original charge. While the judge should not have done what he did, to reverse on that ground would under the circumstances be so extremely technical that 'it does not at all approve itself to our judgment." Certiorari denied, 250 U. S. 660, 40 Sup. Ct. 10, 63 L. Ed. 1194.

See, also, Whitney v. Commonwealth, 190 Mass. 531, 77 N. E. 516; Moseley v. Washburn, 165 Mass. 417, 43 N. E. 182.

The judgment is affirmed.