### AH FOOK CHANG et al. v. UNITED STATES.*
### No. 8352.

Circuit Court of Appeals, Ninth Circuit.
July 26, 1937.

*Rehearing denied Oct. 11, 1937.

E. J. Botts, of Honolulu, T. H., for appellants.

Ingram M. Stainback, U. S. Atty., and Willson C. Moore, Asst. U. S. Atty., both of Honolulu, T. H., and H. H. McPike, U. S. Atty., and Robert L. McWilliams, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before WILBUR, GARRECHT, and HANEY, Circuit Judges.

HANEY, Circuit Judge.

Appellants were indicted for violating the Narcotic Drugs, Import and Export Act, as amended (21 U.S.C.A. § 171 et seq.), in one count, and for violating the Harrison Narcotic Act (38 Stat. 785), as amended, in the second count. They have appealed from the judgment after conviction on both counts.

On December 18, 1935, appellant Robert Chang was accosted by Hilo policemen of Hawaii county, and was told that they wished to look in his room. The officers were accompanied by a federal investigator with the alcohol tax unit in Hilo, Hawaii. Without a warrant the room was entered and searched. On a table the officers found a package containing twelve tins of opium, and a similar package containing twelve tins of opium in a suitcase. There is a dispute in the evidence as to whether or not the entry made by the officers was permissive.

Thereafter the officers brought appellant Mrs. Ah Fook Chang, the mother of Robert Chang, to the room where the two boxes of opium were shown to her. Both defendants were taken to the police station and booked for investigation, and thereafter held there. The mother took an infant child with her. On the following day a federal narcotic officer arrived by aeroplane. Appellants were questioned beginning at 3 o'clock p. m. until the dinner hour, and again beginning at 7 o'clock p. m. Statements were taken, one of which was signed by the son about 10 o'clock that night and the other was signed about 12 midnight by the mother. The next morning appellants were charged with violations of the narcotic laws.

Appellants were indicted on January 11, 1936. On January 24, 1936, the son moved to suppress the opium seized on the ground that the officers had no search warrant or other legal authority to make the search. Appellee's answer to this motion was that the son had voluntarily consented to the search. Hearing was had on January 30, 1936, upon appellant's motion to suppress. The officers had given their testimony, counsel for appellants questioned the officers in an effort to show that the latter "shadowed their [appellants'] movements, in other words, from 5 o'clock to 7 o'clock, and then, at the moment they thought was suspicious, approached Robert Chang and demanded of him permission to search the room." Objections to this line of questioning were sustained. On February 10, 1936, the motion was denied.

On February 14, 1936, the mother filed a motion to suppress the statement signed

by her on the ground that it was not vol- untarily made. The answer of appellee was that the statement was freely and volun- tarily made. Hearing was held on the mo- tion on February 17, 1936, after which on the same day the motion was denied. At this hearing, while the federal narcotic of- ficer was testifying, counsel for the mother demanded that the statement be produced. The demand was refused.

Trial of appellants commenced on Feb- ruary 18, 1936. Appellants interposed ob- jections to the narration of what happen- ed in the son's room, on the ground that what there transpired was an illegal search and seizure. During the trial the state- ment of the son was offered in evidence, to which offer appellants objected on the ground that it was not voluntarily made. Both objections were overruled. Thereup- on appellants asked the court to instruct the jury that the confession was not evi- dence against the mother. The court in- structed the jury at that time that if the statement was made in the presence and hearing of the mother (there being evi- dence that the mother said that the state- ment was true), then it was evidence against the mother also.

The statement of the mother was then offered in evidence, objected to on the ground that it was made under coercion and not voluntarily. The objection was overruled. Thereupon appellants asked the court to instruct the jury that the state- ment could not be used against the son. The request was refused, the court saying: "It appearing that this statement was made in the presence of Robert Chang the in- struction will not be given." The tins of opium were offered and admitted in evi- dence over objections by appellants.

The defendants then offered in evi- dence the testimony of the mother and son taken at the hearing on the motion to sup- press the mother's statement. The offer was denied. Appellants thereupon rested their case.

Exception was taken to an instruction given because it failed to define the word "voluntary." Appellants requested the court to give ten instructions which were refused.

After submission of the cause to the jury, proceedings were had as shown by an affidavit of appellants' attorney as fol- lows:

"That he is the attorney for the defend- ants above named; that the above entitled matter was submitted to the jury, for its verdict, at approximately 12 o'clock noon, February 19th, 1936; that a little after 5 o'clock the jury still deliberating the foreman came to the chambers of the pre- siding Judge, Honorable S. C. Huber, and in the presence of affiant and Willson C. Moore, Assistant United States District Attorney, conducting the prosecution, in- formed the judge that the jury wished to be advised if the confession of one de- fendant in the case could be considered as evidence against the other; that affiant requested the court to inform the foreman that a confession in the case was only evi- dence against the party making it, notwith- standing that a codefendant was present when the confession was being made; but the judge over defendants' exception ad- hered to the instruction given the jury in the course of the trial, viz., that a con- fession made by one defendant in this case could be considered by the jury as evi- dence against the other; that thereupon the foreman retired and a few moments later the jury returned to the court room, with a verdict against both defendants; that neither clerk nor court reporter was pres- ent during the proceedings above recount- ed in the judge's chambers."

The trial judge certified "that the facts set forth in the foregoing affidavit are true and correct."

■ At the hearing on the motion to sup- press the narcotics seized, appellants of- fered to prove that the officers had sha- dowed appellants' movements for two hours prior to the search, and that the officers had information which reasonably led them to believe appellant Robert Chang had secreted opium in his room. Appellants contend that the officers should have ob- tained a search warrant, but they concede that their constitutional rights in that re- gard may be waived. Appellee does not contend that the search was made as an in- cident to the arrest [see Papani v. United States (C.C.A.9) 84 F.(2d) 160, 162], but does contend that appellant Robert Chang had given his permission to the search by the officers. In fact, that was the only issue before the court on the motion. The fact that the officers may have had Robert Chang under surveillance prior to the time permission was obtained has no bearing on the issue of consent. We believe the court properly refused the proffered evidence.

■ On the question as to whether con- sent was given voluntarily, Robert Chang

809

testified that consent was given because he was afraid of bodily harm. The federal investigator and one of the police officers testified that the consent was purely voluntary. In the statement signed by Robert Chang he admitted that the consent was voluntary. We believe that this evidence shows voluntary consent to the search, and that therefore the motion to suppress was properly denied, and the narcotics properly admitted on trial.

■ At the hearing on the motion to suppress the statement of the mother, her counsel asked that appellee produce the statement for inspection, which request was refused, the court saying: "The Court is not concerned with what's in the statement, but how it was obtained." We believe that ruling to be correct. Appellants were not being tried on this hearing. The sole issue therein was whether the statement was voluntarily made. See 2 Wharton's Crim.Evid. (11th Ed.) 1354.

■ The evidence on the latter hearing with respect to the mother's statement, is somewhat in conflict. The mother and son both testified that the statement was made under threats and compulsion. On the other hand an inspector of police, a captain of police and a federal narcotic agent all testified to the contrary. Since the credibility of the witnesses is an important element in weighing the evidence, we believe the trial court's judgment thereon must be sustained. We therefore hold that there was no error in denying the motion to suppress the statement made by the mother, and in admitting the same in evidence on the trial.

The statement made by the son was made under the same circumstances as that of the mother. We therefore hold it was also properly admitted in evidence at the trial.

■ We likewise believe there was no error in refusing the offer in evidence at the trial of the mother's testimony taken at the hearing on the motion to suppress the statement. She was present at the trial, and could have given the same testimony. Appellee was more limited in its cross-examination at the hearing than it would be at the trial.

■■ The question raised by the exception to the instruction given, and the requested instructions refused, concerns the statements or confessions. All the requested instructions concerned volition in mak-

ing confessions. A confession is presumed to be voluntary. Wilson v. United States, 162 U.S. 613, 622, 16 S.Ct. 895, 40 L.Ed. 1090; Murphy v. United States (C.C. A.7) 285 F. 801, 808. At the trial there was no evidence except that the confessions were voluntarily made, since appellants introduced none. Thus there was no such question for the jury to decide. The instructions were properly refused. Mitchell v. Potomac Insurance Co., 183 U.S. 42, 49, 22 S.Ct. 22, 46 L.Ed. 74; and see Carter v. Carusi, 112 U.S. 478, 484, 5 S.Ct. 281, 28 L.Ed. 820.

■ The trial court was requested to instruct the jury that the confession of one of the appellants could not be used against the other. Both appellants were in the room when each confession was made. The son heard the statement read to the mother before she signed it. Under such circumstances the requested instruction was incorrect. 2 Wharton's Criminal Evidence (11th Ed.) 1216.

This brings us to the more serious question regarding the instruction to the juror under the circumstances shown in the affidavit.

■ Appellee contends that the exception is insufficient. The affidavit says that "the judge over defendants' exception adhered to the instruction given the jury in the course of the trial." The exception may have been on the ground that the instruction was erroneous, or on the ground that the court's action was erroneous. For this reason and because of the irregularity, we consider the exception sufficient. See Aerheart v. St. Louis, I. M. & S. Ry. Co. (C.C.A.8) 99 F. 907, 909, 910.

We believe the action of the trial court was reversible error on two grounds.

■ The first is that appellants were entitled to be personally present at every stage of the trial. Ponzi v. Fessenden, 258 U.S. 254, 260, 42 S.Ct. 309, 310, 66 L.Ed. 607, 22 A.L.R. 879; Shields v. United States, 273 U.S. 583, 588, 47 S.Ct. 478, 479, 71 L.Ed. 787. They could have waived that right by voluntarily absenting themselves from the trial, since they were not in custody. Diaz v. United States, 223 U.S. 442, 455, 32 S.Ct. 250, 56 L.Ed. 500, Ann.Cas.1913C, 1138; Hagen v. United States (C.C.A.9) 268 F. 344, 347; Noble v. United States (C.C.A.9) 300 F. 689, 692. But a trial is supposed to take place in a courtroom, and here even if appellants had

been in the courtroom, this proceeding would not have taken place in their presence, for it took place in the judge's chambers. If appellants had absented themselves from the courtroom voluntarily, they would have thus consented to the proceeding in the courtroom, but not at some other place. Cf. Shields v. United States, 273 U.S. 583, 587, 47 S.Ct. 478, 479, 71 L.Ed. 787.

■ The second ground of reversal is because of the communication by the court to the jury. It is error for the court to instruct or communicate with the jury in the absence of counsel and without notice to them. Fillippon v. Albion Vein Slate Co., 250 U.S. 76, 39 S.Ct. 435, 63 L.Ed. 853; Shields v. United States, 273 U.S. 583, 47 S.Ct. 478, 71 L.Ed. 787; Philadelphia & R. Ry. Co. v. Skerman (C.C.A.2) 247 F. 269; Dodge v. United States (C.C.A.2) 258 F. 300; Outlaw v. United States (C.C.A.5) 81 F.(2d) 805; Sandusky Cement Co. v. A. R. Hamilton & Co. (C.C.A.6) 287 F. 609; Peppers v. United States (C.C.A.6) 37 F.(2d) 346; Little v. United States (C.C.A.10) 73 F.(2d) 861; 84 A.L.R. 220, Annotation.

■ Not all error, however, is reversible error. If the record shows affirmatively that the appellant was prejudiced, there is reversible error. Fillippon v. Albion Vein Slate Co., supra. On the other hand, if the record shows affirmatively that appellant was not prejudiced, then the error does not require reversal. Philadelphia & R. Ry. Co. v. Skerman (C.C.A.2), supra; Dodge v. United States (C.C.A.2), supra; Outlaw v. United States (C.C.A.5), supra; Sandusky Cement Co. v. A. R. Hamilton & Co. (C.C.A.6), supra; Peppers v. United States (C.C.A.6), supra. Finally if the record shows error, but does not disclose whether the error is prejudicial or whether it is not prejudicial, it is presumed to be prejudicial and to require reversal. Little v. United States (C.C.A.10), supra.

■ The instant case is not one where the whole jury was instructed directly by the court either orally, or in writing. By instructing one juror to instruct the rest of the jury, the instruction was in fact given to the jury in the absence of appellants, their counsel and out of court, for the juror relaying the instruction would necessarily have done so in the jury room. On that theory reversal is required. Shields v. United States, supra. Further, we have the case where no one knows what the

juror told the rest of the jury. If he repeated correctly the judge's instruction, the error would not be prejudicial. If he did not, the error may have been prejudicial. We must presume it prejudicial. Little v. United States (C.C.A.10), supra. The jury received an instruction second hand, and not by the judge. Chances for error are too great. Presuming the error to be prejudicial, the rule in Fillippon v. Albion Vein Slate Co., supra, is applicable and requires reversal.

Reversed and remanded for a new trial.

WILBUR, Circuit Judge (dissenting).

I agree that the judge committed error in sending a communication to the jury while it was deliberating in response to a question of the jury submitted to the court by the foreman in chambers. At first blush I was inclined to agree with my associates that this error justified a reversal, but an examination of the authorities cited in the majority opinion, and others bearing upon the question, has convinced me that under the circumstances the error was not prejudicial.

There is no assignment of error bearing upon the fact that the court informally instructed the jury through a communication made by him to the foreman. There is no specification of error upon that point. In my opinion the defendant's counsel did not except to the manner in which the court conveyed the instruction to the jury in response to the request of the foreman, but only excepted to the substance of the instruction and to the denial of his request that the court instruct the jury through the foreman that the confession could not be used as evidence against the codefendant. It will be noted that far from objecting to the method of instruction the attorney for the defendants expressly requested that an instruction should be given in this manner. If there was error in communicating with the jury in the manner indicated, it was invited by the defendants who requested that an instruction to the opposite effect be thus communicated to the jury.

It is true that in a criminal case an unassigned error may be considered, but there were no circumstances here which justified such consideration. The court merely told the foreman to tell the jury what he had already told them during the course of the trial, namely, that a confession of one defendant in the presence of

the other could be considered in determining the guilt of the other defendant. If the foreman correctly conveyed the information to the balance of the jury, he merely reminded them of what the court had already told them. If he was sent by the jury to find out from the court whether or not a confession could be so used, there are only two possible answers, "Yes" or "No." The answer given by the court was the one unfavorable to the defendants. There is no reason to suspect that the jury were told by the foreman that the evidence could not be used. Their verdict, promptly rendered, indicates that they were told that such evidence could be used. The method of conveying the court's instruction to the jury was erroneous, but being merely a repetition of the instruction already given the error was quite harmless. In this connection, it should be noticed that counsel were present in chambers and that the defendants were out on bail and therefore may have been voluntarily absent from the courtroom.

With reference to the harmlessness of the error, I merely call attention to a number of decisions dealing with that problem which tend to sustain the view I have expressed: Peppers v. United States, 37 F. (2d) 346 (C.C.A.6); Dodge v. United States (C.C.A.) 258 F. 300; Hagen v. United States (C.C.A.9) 268 F. 344.

For the foregoing reasons, I dissent from a reversal. I do so, however, with some reluctance because it is not at all clear what effect the jury gave to the fact that the confession of the son was made in the presence of the mother as bearing upon her guilt. So far as the son is concerned, he confirmed the mother's confession and thus adopted it as his own, but the mother, so far as the record shows, merely remained silent at the time her son confessed. This at most would amount to an admission or confession on her part and would have little, if any, weight as it merely would amount to a second confession and would not be a corroboration of the first confession within the meaning of the rule requiring a confession to be corroborated. The question of a lack of corroboration is not raised by the appellant. The jury were not instructed on the subject and no instruction was asked with relation thereto. See as to corroboration, Pearlman v. United States, 10 F.(2d) 460 (C.C.A.9), citing, Mangum v. U. S. (C.C.

A.) 289 F. 213. The corroboration of the confession of the son (Robert Chang) is complete. It is not so with reference to the mother.

