Walter Herbert MACARTNEY,
Appellant,

v.

COMPAGNIE GENERALE TRANSATLANTIQUE, a corporation, Appellee.

No. 15664.

United States Court of Appeals
Ninth Circuit.

Feb. 28, 1958.

Rehearing Denied April 1, 1958.

John F. Conway, Portland, Or., for appellant.

Wood, Matthiessen, Wood & Tatum, Portland, Or., for appellee.

Before STEPHENS, Chief Judge, and CHAMBERS and BARNES, Circuit Judges.

BARNES, Circuit Judge.

This is a suit by a longshoreman, a citizen of Oregon, against a foreign corporation seeking to recover for injuries allegedly sustained on October 10, 1954,

aboard a vessel owned by defendant while plaintiff was engaged in unloading heavy crates of glass from said vessel, using a dolly in doing so. The action is based both upon unseaworthiness of the vessel and negligence on the part of defendant, in that it was charged the dolly was defective. Jurisdiction of the District Court for the District of Oregon arises under 28 U.S.C. § 1332(a)(2)— suits between citizens of a state and foreign states or citizens thereof. The case was tried to a jury which rendered a verdict for defendant, and answered special interrogatories as follows:

"1. Was the dolly unseaworthy or unsafe? A. No.

"2. Was the (vessel) caused to lurch, careen, tilt, slant, lean or heel over by reason of the fact that too much cargo was being unloaded from one part of the ship at that time? A. No."

The appeal was timely filed. This Court has jurisdiction under 28 U.S.C. §§ 1291 and 1294.

Appellant urges five specifications of error, the second of which is waived by him.

### I—The Failure to Specify the General Damages Claimed.

The third error claimed is the failure of the court to mention to the jury the amount of general damages demanded by appellant.[1]

The short answer to any claimed error with respect to damages is that presumably the jury never reached that issue, in view of the general verdict and special interrogatories returned.

However, we consider appellant's point. In support of his position that the amount of general damages sued for must be mentioned to the jury, he cites Chesapeake & Ohio R. Co. v. Carnahan, 1915, 241 U.S. 241, 36 S.Ct. 594, 60 L.Ed. 979; McDermott v. Severe, 1905, 202 U.S. 600, 26 S.Ct. 709, 50 L.Ed. 1162;

1. The court instructed the jury as to the special damages claimed by appellant, including $8,000 claimed as loss of wages to the date of trial, and $1,989.04 claimed as the reasonable value of medical and hospital expenses.

Hoffschlaeger Co., Ltd. v. Fraga, 9 Cir., 1923, 290 F. 146, 149.

Each of these cases holds it was not error for the court to mention the amount prayed for, provided other instructions were given instructing the jury that the amount mentioned was merely a limit beyond which they could not go, "that the sum claimed should not be taken as a criterion to act upon,"[2] and that proper proof of damage and causal relationship remained the burden of the plaintiff to establish by a preponderance of the evidence.

Because these cases state that giving such an instruction under such circumstances was not error, does not prove the converse: that the failure to give such an instruction mentioning the maximum prayed for was error.

We thus are cited to no cases which support appellant's third specification of error. We find no cases in point.[3] However, one of the cases urged by appellant refers to the evidentiary value of such a figure. In Hoffschlaeger Co., Ltd. v. Fraga, supra, this Court said "such claims are not evidence." We reaffirm that much of our previous statement.

## II—Supplementary Instructions.

The first specification of error refers to the *giving*, and the fourth and fifth to the *content*, of the supplementary instructions given when the jury was re-called to the courtroom.

### II A—The Content of the Supplementary Instructions.

Alleged error four refers to a supplementary instruction given by the trial judge on burden of proof. He gave a laudable and perfectly correct instruction, having to do with the duty of the jury to reach a verdict, down to his last four words.

"On the other hand, if a majority or even a lesser number are for the defendant, other jurors ought to consider, to ask themselves again whether they have reason to doubt the correctness of a judgment which is not concurred in by many of their fellow jurors and whether they should not distrust the weight or sufficiency of evidence which fails to convince the minds of several of their fellows *beyond a reasonable doubt.*" [Emphasis added.] Appellant's Brief, p. 37.

This was without doubt a mere slip of the tongue, for the able trial judge had already adequately and properly instructed the jury on the burden of proof in a civil case. When taking up another subject (their duty to attempt to reach agreement), he lapsed into the phrase "beyond a reasonable doubt." This was not correct. On six occasions previously the trial judge had correctly emphasized the "preponderance of the evidence" test. He had correctly given the test each time when discussing burden of proof. It was only when discussing the jury's duty to consult with one another in an effort to reach a verdict, that the wrong standard was inadvertently used.

The trial judge prefaced his supplementary remarks by telling the jury to recall his prior instructions. And those were entirely accurate. Furthermore, at the point where the alleged error occurred, the trial judge was not discussing burden of proof but was articulating to the jury the well known fact that not all persons, even jurors, always see all the facts in the same way, and therefore when there is a difference of opinion, those in the minority should reassess their positions and consider why the facts they have found are unable to create a "reasonable doubt" in the minds of their fellow jurors. It is difficult to see how this chance phrase in the context used could have confused the jury and caused them to believe that plaintiff was suddenly required to sustain a criminal burden of proof rather than the preponderance burden on which they had been fully instructed earlier.

We must keep in mind that the wrong measure of proof is a two edged sword.

2. McDermott v. Severe, 202 U.S. 600, 612, 26 S.Ct. 709, 713.

3. See 2 A.L.R.2d 454, note 5.

The jury here found, by its answers to the special interrogatories, that the dolly was not unseaworthy or unsafe, and that the vessel did not lurch, careen, tilt, slant, lean or heel over. To require them in so finding to apply the test of evidence convincing "beyond a reasonable doubt" was harmful to the appellee steamship company. And if the jury did pay heed to the one mis-reference and not to the six correct references to the standard they were to follow, and still found the answers given to the special interrogatories, the error helped the appellant—it did not hurt him.

■ We agree with the law cited and relied upon by appellant, that *"generally,* inconsistent instructions require a reversal"* (Eid v. Larsen, 1953, 200 Or. 83, 264 P.2d 1051, 1052); "* * * misleading and inconsistent instructions are *frequently* deemed ground for new trials or reversals * * *" (Williams v. Portland General Electric Co., 1953, 195 Or. 597, 247 P.2d 494, 499); "* * instructions * * * which were *calculated* to mislead the jury" are error (Rea v. Missouri, 1873, 17 Wall. 532, 84 U.S. 532, 21 L.Ed. 707); and instructions *"so inconsistent* with other instructions that they tend to confusion and misapprehension" *may* justify a reversal.

■ We hold the four words "beyond a reasonable doubt" should not have been given, but under the circumstances of this particular case, giving them was not prejudicial error requiring reversal.

■ The fifth alleged error charges an erroneous supplementary instruction as to the definition of seaworthiness. Admittedly, voluminous and adequate instructions on this subject were originally given, and were correctly given.

It should be kept in mind that appellant sued on two counts, for negligence and for unseaworthiness. A juror asked for a definition of the word "defective." The trial judge then said, in answer thereto:

"'Defective' in this instance would be a piece of equipment which a reasonably prudent person would not have maintained. It does not have to be a perfect piece of equipment. I think I explained that to you. The test of seaworthiness is not perfection but what a reasonably prudent person would have done under all the circumstances."

This was not a correct instruction. The court previously had said, correctly:

"* * * again, I want to call your attention to the fact that a ship is not an insurer of the safety of all persons using its facilities and that the standard required of the defendant is not absolute safety but reasonable safety. In other words, the defendant was not required to safeguard the plaintiff against all risk and danger, but only against risk and dangers that are unreasonable. The most reasonable conduct frequently creates risks to others. If such conduct is reasonable no negligence can be said to arise from it."

The court could have properly said: "The test of seaworthiness is not perfection but what constitutes reasonable fitness under all the circumstances." Perhaps the court meant this, but it didn't say it. We cannot approve the instruction. Neither are we required to find it so misleading or confusing, taken with the proper instructions, as to require reversal. We hold it does not.

■ We are strengthened in our conclusion by our belief that it was the duty of counsel, if he wanted to object to the instructions given, to be present at the time they were given in open court, and reveal his objections to the court before the jury again retired. We shall now discuss that point, which is controlling irrespective of what our conclusions may be with respect to prejudicial error, or the lack of it, in connection with the instructions given.

II B—The Giving of Supplementary Instructions.

After the jury had been out precisely three hours, and could not agree, it was returned to the courtroom. A juror re-

quested clarification of certain instructions. Apparently neither counsel for appellant nor respondent was present. The court was under the impression that both counsel had "waive[d] * * * (their) presence here (the courtroom) at the time the supplemental instructions were given." The court was in error in his belief. Both counsel had waived their right to be present at the time of receiving the verdict; but as to their presence at the giving of additional instructions, they had neither waived nor declined to waive their right. The subject simply had not arisen.

Counsel for appellant cites several cases to prove the giving of any instructions, even though given publicly in the courtroom, was error if counsel for the parties were not present, or at least, had not been notified that "supplementary instructions" were to be given.

▮▮▮▮▮ Again, we can dispose of this aspect of the appeal quickly by pointing out to counsel it is his right, and his duty,[4] to be present in the courtroom at all times the court may be in session, between the time the jury is called and is discharged, irrespective of the hour. (Here, 6:00 p. m.) If he voluntarily leaves the courtroom, without making arrangements with respect to notification in the event the jury desires further clarification (which arrangements, if made, are at his own risk),[5] his failure to be present at any time con-

4. The right and duty of counsel to be present at all proceedings in the trial of a case does not mean that they *must* be present. In a large sense, the court is in session and the trial is proceeding while the jury is deliberating. And if counsel voluntarily absent themselves so they will not be within call if and when the jury requests aid of the court, the court is not without the power to give it. When counsel in the instant case waived their right to be present when the verdict was returned and thereupon voluntarily absented themselves, they took the chance of the not unusual happening that happened in this case. Counsel had no right to assume that the jury would not make a request for aid during their absence and had no right to assume that if such request were made that the jury's deliberations should be held in abeyance until counsel could be brought into court. In the light of the stipulation the court had the right to assume that counsel would, in all probability, be absent through the proceedings even to the receipt of the jury's verdict.

5. "[14] From a reading of the many authorities to which I have had occasion to refer, I can find no legal obligation on the part of the Court, any officer of the Court, the Clerk of Courts, or any of his employees, to send for attorneys and counsel before a verdict is received. It has been my observation, however, that it has become a custom or practice for the employees of the Clerk of Courts or Court officers to send for attorneys and counsel if a request is made to do so. I believe this custom or practice is sound, and I am far from wishing to discourage it, and I think it should be observed in all cases where the business or convenience of the Court will allow it. It is unfortunate and the Court is extremely sorry it was not observed in this case, but I believe it would be against the settled weight of authority to hold as a matter of law that it is the duty of the Court to regulate the business of the Court so that the request of counsel made to an employee or attache of the Court, or the Clerk of Courts, to send for absent counsel, is carried out, or to await their arrival before proceeding to take the verdict of a jury in causes in which they are interested. I believe it is the duty of counsel to be present in Court when their causes are pending, that is, from the time that the jury is impaneled until the jury is discharged; and if they are not, and for reasons personal to themselves seek the assistance of an employee or attache of the Court, or the Clerk of Courts, or any of his employees, it is at their own risk and not at the risk of the other party to the litigation. To express myself in the shortest possible terms, I believe the custom is fine to notify counsel where it is possible to do so, but such courtesy extended to counsel by the various officers of the Court is a matter of grace or favor on the part of said employee, and under no circumstances is there any legal obligation on the part of the Court to notify counsel that his presence is required before a matter can be considered in which they are concerned. If the rule were otherwise, that the Court must await the notion and presence of counsel involved in litigation, conditions would become intolerable, for then, no business could be done by the Court and no pro--

stitutes a waiver on his part of the right to be present. Arrington v. Robertson, 3 Cir., 1940, 114 F.2d 82; [6] Ah Fook Chang v. United States, 9 Cir., 1937, 91 F.2d 805, 809–810; Hartol Petroleum Corp. v. Cantelou Oil Co., D.C.W.D.Pa. 1952, 107 F.Supp. 373; Finn v. Carnegie-Illinois Steel Corporation, D.C.W.D. Pa.1946, 68 F.Supp. 423.

■ If he has the duty to "[state] distinctly the matter to which he objects"[7] at the time the instruction is given, it is obvious he must be present. Any other rule would result in chaos. An unscrupulous or careless attorney could merely leave the courtroom after any jury retired, and seek to overthrow as a matter of law any verdict thereafter received (whether as the result of further instruction given in his absence, or not) upon the sole ground he did not return to the courtroom and that supplementary instructions were given the jury in his absence. This could never be permitted. No judge can surrender to counsel the conduct of a trial.[8]

■ Counsel for appellant, being absent, took no exception to the supplementary instructions.

"It is a conclusive answer to this objection that no exception was taken to this (supplementary) instruction at the time it was given, or before the verdict was returned. The fact that neither of the counsel was then present affords no excuse. * * * The absence of counsel, while the court is in session, at any time between the impaneling of the jury and the return of the verdict, cannot limit the power and duty of the judge to instruct the jury in open court on the law of the case as occasion may require, nor dispense

with the rulings and instructions, * * *" Stewart v. Wyoming Cattle Ranche Company, 1888, 128 U.S. 383, 390, 9 S.Ct. 101, 104, 32 L.Ed. 439.

Accord, Rules of Civil Procedure, rule 46.

We are not here concerned with instructions given or transmitted by the court to the jury in their chambers, out of the courtroom, and out of the presence of the shorthand stenographer and counsel. Under such circumstances counsel for either side might have no knowledge of the giving of such instructions, nor an opportunity to object. (Cf. Fillippon v. Albion Vein Slate Co., 1919, 250 U.S. 76, 81, 39 S.Ct. 435, 436, 63 L.Ed. 853.)

"The parties are entitled to anticipate and bound to presume, in the absence of notice to the contrary, that all such proceedings will take place in open court in the courtroom assigned for the trial and will be reported by the court stenographer. Consequently a party or his counsel who voluntarily absents himself from the courtroom consents to such proceedings only as take place in the courtroom in his absence but not to proceedings which take place elsewhere. Ah Fook Chang v. United States, 9 Cir., 1937, 91 F.2d 805." Arrington v. Robertson, supra, 114 F.2d at page 823.

Each of the cases cited by appellant, Fillippon v. Albion Vein Slate Co., supra; Arrington v. Robertson, supra; Snyder v. Lehigh Valley R. Co., 3 Cir., 1957, 245 F.2d 112; Parfet v. Kansas City Life Ins. Co., 10 Cir., 1942, 128 F.2d 361; Ah Fook Chang v. United States, supra, without exception, are bottomed on facts which do not bear resemblance

ceedings taken except at the favor or choice of counsel." Gourley, J., in Finn v. Carnegie-Illinois Steel Corporation, D.C.W.D.Pa.1946, 68 F.Supp. 423, 434.

6. Note particularly Note 1 of Arrington v. Robertson, where Judge Maris overrules Breslin v. National Surety Co., 3 Cir., 114 F.2d 65, if it states the Fillippon case (Fillippon v. Albion Vein Slate Co.,

250 U.S. 76, 39 S.Ct. 435, 63 L.Ed. 853) is authority that there can be no such waiver.

7. Franklin v. Shelton, 10 Cir., 1958, 250 F.2d 92, 98; F. Rules of Civ.Proc. 51, 28 U.S.C.

8. Maryland Casualty Co. v. Reid, 5 Cir., 1935, 76 F.2d 30, 33.

to those of this case. In fact, the Fillippon case is good authority to support what was done by the trial court in this case. It states both parties (and their counsel) are *entitled* to attend all proceedings from the time the jury is impanelled until it is discharged. Where supplementary instructions are to be given,

> " * * * whenever practicable, the jury ought to be recalled to the courtroom, *where counsel are entitled to anticipate, and bound to presume*, in the absence of notice to the contrary, *that all proceedings in the trial will be had.*" [Emphasis added.]

Under the Fillippon case, appellant's counsel was bound to presume any future proceedings would be had in the courtroom. If he desired to waive his attendance, with its concomitant hazards, that was his privilege, but it was not error for the court to proceed without him.

Our view of the propriety of the court's action in giving supplementary instructions in open court in the absence of counsel and any objection by such counsel makes it unnecessary to rest our affirmance upon the nature and content of the supplementary instructions, nor to determine if error, once found, if any, was prejudicial.[9]

■ The record before us discloses no motion for new trial was made to the lower court. Perhaps counsel felt that both his presence in the courtroom and such a motion were unnecessary to properly represent his client's interests. He already had been told that should the jury return a verdict favoring his client, the court felt in duty bound to set the verdict aside "upon the ground that there was no evidence of negligence whatsoever on either the two grounds you alleged."

Had this been done by the lower court, a perusal of the record indicates we could not have set it aside upon the ground of an abuse of discretion. In view of all the circumstances of the case, we find no prejudicial error.

The judgment based on the jury's verdict is affirmed.

---

9. Ah Fook Chang v. United States, supra, 91 F.2d at page 810, and cases there cited; see also the dissent of Judge Wilbur in Ah Fook Chang, citing, inter alia, Hagen v. United States, 9 Cir., 1920, 268 F. 344.

    In Hutchison v. Pacific-Atlantic Steamship Co., 1954, 217 F.2d 384, 386, this Court said:

"As to the alleged error of the Court in giving certain instructions: Appellant made no objection to the instructions she now complains of. In fact, she informed the Court she had no objections. She should not now be heard to complain."

    See also United Press Ass'ns v. Charles, 9 Cir., 1957, 245 F.2d 21, 28, 29, and F.Rules of Civ.P. 46 and 51.