**Donald R. BOYLE and Alpha One Productions, Inc., Plaintiffs, Appellees and Cross–Appellants,**

v.

**LORIMAR PRODUCTIONS, INC., American Broadcasting Company, Inc. and Coleman Luck, Defendants, Appellants and Cross–Respondents.**

**Nos. 91–56381, 91–56488.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 7, 1993.

Decided Jan. 11, 1994.

---

William T. Rintala, Rintala, Smoot, Jaenicke & Brunswick, Los Angeles, CA, for defendant-appellant, cross-appellee.

Daniel C. Rosenberg, Stein & Kahan, Santa Monica, CA, for plaintiffs-appellees, cross-appellants.

Before BROWNING, TANG and BOOCHEVER, Circuit Judges.

PER CURIAM:

 Appellants Lorimar Productions, Inc., American Broadcasting Company, Inc. and Coleman Luck appeal a jury verdict awarding Donald R. Boyle $3.6 million in punitive damages on breach of contract and fraud claims arising out of the parties' agreement to transfer Boyle's rights to a treatment for a television series to Lorimar.[1] The issue considered here is whether the California standard for the imposition and review of punitive damages is consistent with the requirements of due process identified by the Supreme Court in *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1, 111 S.Ct. 1032, 113 L.Ed.2d 1 (1991).[2] We conclude the California standard satisfies due process but remand because the district court failed to properly apply that standard in this case.

 Due process requires that procedures for (1) imposing and (2) reviewing punitive damages provide a "sufficiently definite and meaningful constraint on the discretion of [ ] factfinders," and assure that such awards "are not grossly out of proportion to the severity of the offense and have some understandable relationship to compensatory damages." *Haslip*, 499 U.S. at 22, 111 S.Ct. at 1045. Applying the *Haslip* analysis, the California Court of Appeal recently upheld California's trial and appellate procedures for the award and review of punitive damages. *See Las Palmas Assoc. v. Las Palmas Ctr.*, 235 Cal.App.3d 1220, 1 Cal.Rptr.2d 301 (1991). The reasoning of the *Las Palmas* opinion is persuasive.

The Supreme Court concluded in *Haslip* that an Alabama jury's discretion in imposing punitive damages was sufficiently restrained by the state's policy considerations of deterrence and retribution when the jury was instructed: (1) that the imposition of punitive damages was not compulsory; (2) that the purpose of punitive damages is to punish the defendant and to prevent future wrongful conduct by the defendant and others; and (3) that in determining the amount of damages the jury must consider "the character and degree of the wrong as shown by the evidence and necessity of preventing a similar wrong." 499 U.S. at 19, 6 n. 1, 111 S.Ct. at 1044, 1037 n. 1.[3]

The *Las Palmas* court concluded California's instructions similarly require the jury to fashion an award that furthers the state's policy interests in deterrence and retribution when the jury is instructed to consider: (1) the reprehensibility of the defendant's con-

---

1. The jury also awarded Boyle $180,000 compensatory damages.

2. Appellants raise several other claims which we address in a separate unpublished disposition.

3. As we said in *Morgan v. Woessner:*

 As the first stage of scrutiny, a trial court should instruct the jury on the proper role of punitive damages. *Haslip* said that instructions should be fashioned to describe the proper purposes of punitive damages so that the jury understands that punitive damages are not to compensate the plaintiff, but to punish the

defendant and to deter the defendant and others from such conduct in the future. In the case before us, the trial court performed this task by use of an instruction that focused upon the discretionary nature of the award, the need to punish the defendant, and the need to deter repetition of such conduct. Specifically, the instruction focused on (1) the reprehensibility of the conduct of the defendant, and (2) the amount of punitive damages which will have a deterrent effect on the defendant in light of the defendant's financial condition.
997 F.2d 1244, 1256 (9th Cir.1993) (citation omitted).

duct, (2) whether the amount of the punitive damages will have a deterrent effect in light of the defendant's financial condition, and (3) whether the punitive damages bear a reasonable relation to the injury, harm or damage actually suffered. *Las Palmas,* 1 Cal. Rptr.2d at 323. The California instructions go somewhat beyond the Alabama instructions approved in *Haslip* by explicitly (rather than implicitly) directing the jury to fashion an award bearing a relationship to the actual harm and to consider the defendant's financial condition in determining whether the award is sufficient to punish and deter.

While the criteria governing review of punitive damage awards in California are not identical to those applied in Alabama, they encompass similar concepts with the same objective—to ensure the award does not exceed an amount necessary "to accomplish society's goals of punishment and deterrence." *Haslip,* 499 U.S. at 21, 111 S.Ct. at 1044 (citations and internal quotations omitted). Appellants contend California courts, in reviewing punitive damage awards apply the "passion and prejudice" standard discredited in *Haslip,* 499 U.S. at 21 n. 10, 111 S.Ct. at 1044 n. 10, rather than criteria similar to those applied by Alabama courts.[4]

██ It is true that a California court may set aside a punitive damage award only where the award "appears excessive, or ... is so grossly disproportionate as to raise a presumption that it is the result of passion or prejudice." *Neal v. Farmers Ins. Exchange,* 21 Cal.3d 910, 148 Cal.Rptr. 389, 399, 582 P.2d 980, 990 (1978) (citation and internal quotations omitted). As the *Las Palmas*

court noted, however, California's " 'passion and prejudice' standard does not occur in a vacuum, but is measured against the identical criteria utilized by the jury: reprehensibility of defendant's misdeeds, the ratio between the compensatory and punitive damages, and the ratio between the damages and the defendant's net worth." *Las Palmas,* 1 Cal. Rptr.2d at 323. The California reviewing court must examine these criteria to determine whether the punitive damage award "substantially serves the societal interest" of deterring future misconduct and "whether the amount of damages 'exceeds the level necessary to properly punish and deter.' " *Adams v. Murakami,* 54 Cal.3d 105, 284 Cal.Rptr. 318, 320, 813 P.2d 1348, 1350 (1991) (quoting *Neal,* 148 Cal.Rptr. at 399, 582 P.2d at 990). "In sum, the 'passion and prejudice' test [as applied in California,] affords in post trial proceedings and on appeal the same general degree of scrutiny as found in the Alabama review process." *Las Palmas,* 1 Cal.Rptr.2d at 324.[5] *Cf. Adams,* 284 Cal. Rptr. at 326 n. 9, 813 P.2d at 1356 n. 9 (expressly reserving the question).

Remand is necessary, however, because the district court erred in applying two of the three review criteria imposed by California law: whether the amount of the award bore a reasonable relationship (1) to deterrence in light of the defendant's wealth, and (2) to the harm likely to result from defendant's conduct.

██ In considering the relationship between the award and the defendant's financial condition, the district court compared the amount of the award with defendant's "gross

---

4. The Alabama standard upheld in *Haslip* required the appellate court to consider the following factors: (1) the relationship between the punitive damages and the actual past and potential harm, (2) the defendant's culpability and past wrongful conduct, (3) the defendant's profits from his wrongful conduct, (4) the defendant's financial position, (5) the cost of litigation and (6) the existence of other civil and criminal penalties imposed against the defendant for the same conduct. 499 U.S. at 21–22, 111 S.Ct. at 1045. The Court contrasted Alabama's standard with the Mississippi test that considers a verdict excessive only where it " 'evinces passion, bias and prejudice on the part of the jury so as to shock the conscience.' " *Id.* at 21 n. 10, 111 S.Ct. at 1044 n. 10 (quoting *Bankers Life & Casualty Co.*

*v. Crenshaw,* 483 So.2d 254, 278 (Miss.1985)). The Court noted that it had expressed concern in earlier opinions with the "passion and prejudice" standard. *Id.*

5. The Supreme Court's recent decision in *TXO Production Corp. v. Alliance Resources Corp.,* —— U.S. ——, 113 S.Ct. 2711, 125 L.Ed.2d 366 (1993), may have relaxed the standard for a constitutionally sufficient post-verdict review. *See* —— U.S. at —— – ——, 113 S.Ct. at 2740–42 (O'Connor, J., dissenting) (noting that the review procedures upheld in *TXO* were less searching than those in *Haslip* ). Because the procedures in this case were plainly constitutional even under *Haslip,* we need not address that question.

revenues" from the wrongful conduct. The rule established by lower California courts is that only net, not gross, figures are relevant.[6] *See Little v. Stuyvesant Life Ins. Co.,* 67 Cal.App.3d 451, 136 Cal.Rptr. 653, 663 n. 5 (1977) ("[G]ross income might be very large but if expenses are even larger, the company would be incurring a loss."); *Las Palmas,* 1 Cal.Rptr.2d at 323 (court must consider "relationship between punitive damages and *net* worth") (emphasis added); *Dumas v. Stocker,* 213 Cal.App.3d 1262, 262 Cal.Rptr. 311, 315 (1989) ("absence of any evidence of [defendant's] *net* worth renders the amount of the award unsupported by the evidence") (emphasis added). The "key question" is whether the "damages 'exceeds the level necessary to ... deter.'" *Adams,* 284 Cal.Rptr. at 320, 813 P.2d at 1350 (citation and internal quotations omitted). A comparison of the award to gross revenues does not answer this question because it does not indicate ability to pay.

 In comparing the amount of the punitive damage award and the amount of the compensatory damage award, the district court simply asserted that the punitive damages had a relationship to the compensatory damages because the punitive damages were "exactly twenty times" the compensatory damages. The appropriate relationship between punitive and compensatory damages is not demonstrated simply by concluding the two figures fit neatly into a mathematical formula. The question is whether the difference between the two figures is so wide that the punitive damages have been divorced from the societal goals of retribution and deterrence. *See Neal,* 148 Cal.Rptr. at 400, 582 P.2d at 991 (while the difference between the punitive and compensatory damages was significant—$740,000 as opposed to $10,000—defendant was so wealthy a smaller award would have had little deterrent or retributive effect); *Douglas v. Ostermeier,* 1 Cal.App. 4th 729, 750, 2 Cal.Rptr.2d 594, 607 (1991) (egregiousness of the fraud justified punitive damages nearly twenty times the compensatory damages of $10,000). The need for such

review is especially great where the jury's award of punitive damages is as high in comparison to the amount of the actual damages as it was in this case.

Upon remand, the district court shall set forth its reasons for either affirming or reducing the punitive damage award. If the district court decides, after considering the factors set forth herein, that the award should be reduced a remittitur with the option of a new trial would be required. *Morgan v. Woessner,* 997 F.2d 1244, 1258–59 (9th Cir.1993).

REVERSED and REMANDED for further proceedings consistent with this opinion.

---

6. The California Supreme Court has expressly reserved decision on whether the appropriate comparison is to profit from the wrong or to defendant's net worth, *see Adams,* 284 Cal.Rptr. at 325 n. 7, 813 P.2d at 1355 n. 7.