NATIONAL INTEGRATED TECHNOL-OGIES, INC., a Vermont Corporation, Plaintiff-counter-defendant—Appellee,

v.

Robert GUSTAVSON, an individual; Protection Systems, Inc., a California Corporation;, Defendants-counter-claimants—Appellants,

---

Zane Akins;  Robert E. Schrull, dba A
& S Associates, Ltd., Counter-
defendants—Appellees.

No. 00–55130.
D.C. No. CV–97–06492–WJR.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 5, 2003.

Decided Aug. 13, 2003.

Before BROWNING, PREGERSON and REINHARDT, Circuit Judges.

MEMORANDUM *

National Integrated Technologies, Inc. ("NITI") sued Robert Gustavson and Protection Systems, Inc. ("PSI") for breach of contract, rescission based on fraud, and conversion. Gustavson and PSI (hereinafter referred to as "Gustavson") counterclaimed breach of contract. A jury found for NITI, awarding $1.5 million in damages. The district court reduced the judgment to $385,687. The jury awarded $75,000 in the punitive damage phase of

the trial; the court reduced the punitive award to $50,000 for each defendant.

Gustavson appeals, claiming a new trial is warranted because (1) the district court read several previously withdrawn or misleading instructions; (2) NITI elected the remedy of rescission after the jury went to deliberate and the jury was never told that it could no longer consider the breach of contract and conversion claims; (3) NITI was allowed to testify as to the amount of attorneys' fees; and (4) the punitive damages are too high in light of appellants' financial state.

The district court had diversity jurisdiction, 28 U.S.C. § 1332, and supplemental jurisdiction, 28 U.S.C. § 1367. We have jurisdiction pursuant to 28 U.S.C. § 1291.

1. Previously Withdrawn or Misleading Jury Instructions

■ The district court's formulation of jury instructions is reviewed for abuse of discretion. *Voohries–Larson v. Cessna Aircraft Co.*, 241 F.3d 707, 713 (9th Cir. 2001). Jury instructions must correctly state the law, fairly and adequately cover the issues presented, and not be misleading. *Duran v. City of Maywood*, 221 F.3d 1127, 1130 (9th Cir.2000). An error in a civil jury instruction does not require reversal if the error is more probably than not harmless. *Swinton v. Potomac Corp.*, 270 F.3d 794, 805 (9th Cir.2001).

The district court instructed the jury on damages for fraud, even though NITI sought only rescission and restitution based on fraud. Rescission and restitution puts the rescinding party in the *status quo ante, see Runyan v. Pacific Air Indus. Inc.*, 2 Cal.3d 304, 316 n. 15, 85 Cal.Rptr. 138, 466 P.2d 682 (Cal.1970), whereas a

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

damages action provides the "benefit of the bargain" as if there had been proper performance of the contract. *Id.*

Despite this difference, the district court instructed the jury that if they found against the defendant, they should award "benefit of the barter" damages. Gustavson claims this is error because NITI did not seek benefit of the bargain damages, and the jury may have been confused when the district court instructed them that they could give both benefit of the bargain damages and rescission and restitution damages.

Misleading or inconsistent jury instructions may be grounds for new trials or reversal. *See Macartney v. Compagnie Generale Transatlantique,* 253 F.2d 529, 533 (9th Cir.1958). But under the circumstances in this case, the error does not warrant reversal. *See generally id.* (looking at the circumstances of the case and failing to find prejudicial error despite inconsistent and confusing instructions). If the jury improperly gave benefit of the bargain damages because of the erroneous instruction, such damages were stricken by the court when the judgment was reduced to accord with rescission and restitution damages. It is more probable than not that the error was harmless. *See Swinton,* 270 F.3d at 805 ("An error in instructing the jury in a civil case requires reversal unless the error is more probably than not harmless.") (citation omitted).

■ Gustavson also argues that the district court erred by inadvertently reading several instructions indicating the jury's ability to award punitive damages, despite the fact that the trial was bifurcated. Gustavson, however, does not show how he is prejudiced by this error, particularly after the district court reduced the judgment. Accordingly, we find the error was more probably than not harmless.

### 2. Failure to Inform the Jury of NITI's Election of Rescission

■ Before the jury reached a verdict (but after they started deliberations), NITI made an election to rescind the contract, rather than affirm the contract and recover under the breach of contract claim. Gustavson sought a supplemental jury instruction directing the jury to decide only the rescission claim, not the breach of contract and conversion claims. The district court refused. The decision to give a supplemental jury instruction is reviewed for abuse of discretion. *Jazzabi v. Allstate Ins. Co.,* 278 F.3d 979, 982 (9th Cir.2002).

California law provides "where, as here, a person has two inconsistent remedies, some place before judgment, he must elect which remedy he desires to pursue, and once he elects he is precluded from pursuing the other remedy." *Lenard v. Edmonds,* 151 Cal.App.2d 764, 768, 312 P.2d 308 (Cal.App.1957). A plaintiff is not required to make an election of remedies before the case is submitted to a jury, *Jahn v. Brickey,* 168 Cal.App.3d 399, 406, 214 Cal.Rptr. 119 (Cal.Ct.App.1985), but a plaintiff must ultimately elect to enforce or rescind a contract so that duplicate damages are not recovered. *See* Cal. Civ.Code § 1692 ("A claim for damages is not inconsistent with a claim for relief based upon rescission. The aggrieved party shall be awarded complete relief ... but such relief shall not include duplicate or inconsistent items of recovery."). When a jury awards inconsistent damages, such duplicate items of recovery will be stricken. *See Jahn,* 168 Cal.App.3d at 406, 214 Cal.Rptr. 119.

In this case, the jury was instructed on inconsistent remedies, and the original judgment may have contained inconsistent damages. However, the district court reduced the jury's award to reflect only restitution and punitive damages, in accor-

dance with California law, and Gustavson does not show remaining prejudice. Error, if any, was harmless.

### 3. Testimony on Amount of Attorneys' Fees

■ A judge's decision to admit evidence is reviewed for abuse of discretion. *Lambert v. Ackerley,* 180 F.3d 997, 1008 n. 12 (9th Cir.1999) (en banc). The attorneys' fees testimony in question was brief and only approximated the cost of litigating the case, i.e. attorneys' fee "exceeds $200,000 already to date."

Gustavson has failed to show persuasively that prejudice resulted from the admission of such testimony. While attorneys' fees are awarded on post-trial motion, not during trial, it does not appear to be an abuse of discretion to have allowed this brief testimony regarding the general expense of maintaining a lawsuit.

### 4. Defendants' Motion for a New Trial

■ The district court's denial of Gustavson's motion for a new trial is reviewed for abuse of discretion. *See Desrosiers v. Flight Int'l of Florida, Inc.,* 156 F.3d 952, 957 (9th Cir.1998). An abuse of discretion is "a plain error, discretion exercised to an end not justified by the evidence, a judgment that is clearly against the logic and effect of the facts as are found." *Wing v. Asarco Inc.,* 114 F.3d 986, 988 (9th Cir. 1997) (quotations and citation omitted).

Gustavson states that non-punitive damages should be at most $400,000. When the district court granted Gustavson's motion to alter the judgment, the restitution and consequential damages were set at a little over $385,000–within the range deemed acceptable by Gustavson. Gustavson has failed to present any evidence of prejudice beyond merely conclusory statements. The district court did not err by denying the motion for a new trial.

### 5. Proportionality of Punitive Damages to Appellants' Financial State

■ Gustavson sought a reduction of the punitive damages from $75,000 to $1,000 for each defendant. The district court granted Gustavson's motion in part, and reduced the punitive damages to $50,000 per defendant. Under applicable California law, we "may set aside a punitive damage award only where the award appears excessive, or ... is so grossly disproportionate as to raise a presumption that it is the result of passion or prejudice." *Boyle v. Lorimar Productions, Inc.,* 13 F.3d 1357, 1360 (9th Cir.1994) (internal quotations omitted). *See generally State Farm Mut. Auto. Ins. Co. v. Campbell,* ── U.S. ──, ──, 123 S.Ct. 1513, 1524, 155 L.Ed.2d 585 (2003) ("[C]ourts must ensure that the measure of punishment is both reasonable and proportionate to the amount of harm to the plaintiff and to the general damages recovered.")

Three factors guide determination of punitive damages under California law: (1) the nature of the defendants' acts; (2) the amount of compensatory damages awarded; and (3) the wealth of the defendant. *Neal v. Farmers Ins. Exchange,* 21 Cal.3d 910, 928 n. 13, 148 Cal.Rptr. 389, 582 P.2d 980 (Cal.1978). The jury found that Gustavson had committed fraud, malice, and oppression-acts warranting punitive damages. Compensatory damages totaled $385,687. In addition, the district court granted NITI $183,031.50 in attorneys' fees.

■ The plaintiff carries the burden of producing evidence of a defendant's financial condition. *Adams v. Murakami,* 54 Cal.3d 105, 119, 284 Cal.Rptr. 318, 813 P.2d 1348 (Cal.1991). NITI put into evidence PSI's tax returns from 1996 and

1997, but did not produce evidence of PSI's financial condition at the time of trial in 1999. While NITI argues that PSI did not produce evidence that its financial condition had changed by 1999, NITI cannot pass on its burden of production to PSI.

As to Gustavson, NITI presented tax returns from 1996 and 1997 and elicited testimony regarding his net worth in 1999. This evidence indicated that Gustavson had a gross adjusted income of $1,159 in 1996 and $12,640 in 1997. NITI argues that the jury and the district court did not trust Gustavson's income statement because there was evidence that he paid a significant amount of mortgage interest, along with other expenses.

Damages awards cannot be based on speculation. *Murakami,* 54 Cal.3d at 114, 284 Cal.Rptr. 318, 813 P.2d 1348. Not only do the punitive damage awards in this case appear to be based on speculation, but the speculated net worth of each defendant would have to be substantially greater than the record supports in order for the award of $50,000 to be proportional. *See, e.g., Egan v. Mutual of Omaha Ins. Co.,* 24 Cal.3d 809, 824, 169 Cal.Rptr. 691, 620 P.2d 141 (Cal.1979) (rejecting punitive damage award when it exceeded more than two and one-half months of a defendant's annual net income); *Merlo v. Standard Life & Accident Ins. Co.,* 59 Cal.App.3d 5, 18, 130 Cal.Rptr. 416 (Cal. Ct.App.1976) (rejecting punitive damage award when it constituted almost one-third of a defendant's net worth); *Zhadan v. Downtown L.A. Motors,* 66 Cal.App.3d 481, 500, 136 Cal.Rptr. 132 (Cal.Ct.App. 1976) (rejecting punitive damage award when it exceeded more than one-third of a defendant's net worth). There is no evidence in the record supporting the punitive damage award's proportionality to Gustavson's or PSI's net worth. This portion of the judgment constitutes an abuse of discretion, and we reverse and remand for a proper determination of punitive damages.[1] Each party shall bear its own costs on appeal.

AFFIRMED in part, REVERSED in part, and REMANDED.

---

1. Because we do not remand for a new trial, we do not address Gustavson's argument that the award of attorneys' fees should be reversed.

