**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THOMAS E. ALEXANDER, | No. 14-55171 |
| Plaintiff - Appellee, | D.C. No. 2:11-cv-08851-DSF-VBK |
| v. | |
| INCWAY CORPORATION, a Wyoming corporation, | MEMORANDUM[*] |
| Defendant, | |
| and | |
| KEVIN W. WESSELL, an individual; CASEY LAWRENCE, an individual; MATT MITCHELL, an individual, | |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted February 11, 2016
Pasadena, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: McKEOWN and IKUTA, Circuit Judges and PRATT,[**] Senior District Judge.

Kevin Wessell ("Wessell") and Matt Mitchell ("Mitchell") appeal the district court's entry of judgment against them following a bench trial.[1] We have jurisdiction under 28 U.S.C. § 1291. We review the district court's factual findings for clear error and its legal conclusions de novo. *OneBeacon Ins. Co. v. Haas Indus., Inc.*, 634 F.3d 1092, 1096 (9th Cir. 2011). We affirm in part and reverse and remand with respect to the punitive damages calculation.

The district court determined that Wessell and Mitchell intentionally misrepresented and concealed important facts as part of a fraudulent asset protection scheme in violation of California law. Cal. Civ. Code §§ 1572, 1709, 1710. The district court also found Mitchell liable for negligently misrepresenting important facts under California law. Cal. Civ. Code § 1710. Neither Wessell nor Mitchell argues that the district court committed legal error. Because the district court's findings were not clearly erroneous, we affirm the district court's findings

---

[**] The Honorable Robert W. Pratt, Senior District Judge for the U.S. District Court for the Southern District of Iowa, sitting by designation.

[1] The district court also entered judgment against Casey Lawrence. Lawrence appealed pro se, but failed to file any briefs in support of her appeal. We affirm the judgment as to Lawrence.

with respect to intentional misrepresentation, concealment, and negligent misrepresentation. *See OneBeacon Ins. Co.*, 634 F.3d at 1096.

The district court also found that Wessell was the alter ego of five corporate entities. "[O]wnership in a corporation is a necessary element for the application of the alter ego doctrine under California law." *S.E.C. v. Hickey*, 322 F.3d 1123, 1129 (2003). There is no evidence in the record that Wessell formally owned the related corporate entities. Thus, the district court erred in finding alter ego liability. This error is harmless, however, because it does not affect Wessell's substantial rights: he is liable for the same amount of damages with or without an alter ego finding. *See* 28 U.S.C. § 2111.

The district court determined that Wessell and Mitchell violated the Racketeer Influenced and Corrupt Organizations Act (RICO). 18 U.S.C. § 1961 *et seq*. A civil RICO violation occurs when a person "employed by or associated with" a qualifying enterprise "conduct[s] or participate[s], directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c). Each RICO defendant must be distinct from the alleged enterprise. *See Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 162 (2001). The enterprise here is the inter-related group of corporate entities. In light of our alter ego holding, both Wessell and Mitchell were distinct from the

enterprise. *See id.* at 163 ("The corporate owner/employee, a natural person, is distinct from the corporation itself[.]"). The district court did not clearly err in its RICO findings, including that Wessell and Mitchell enriched themselves by charging clients a fee for setting up offshore accounts and encouraging them to deposit funds in The Alps, that they knowingly and willfully committed mail and wire fraud on multiple occasions over ten years, that they were employed by the companies that constituted the enterprise, and that Alexander lost funds as a direct result of Wessell and Mitchell's RICO violations.

Finally, the district court found Wessell liable for $2,000,000 in punitive damages. Under California law, punitive damages may not "exceed[] the level necessary to properly punish and deter." *Neal v. Farmers Ins. Exch.*, 21 Cal.3d 910, 928 n.13 (1978). To determine whether a damage award is appropriate, the court must consider "evidence of a defendant's financial condition." *Adams v. Murakami*, 54 Cal.3d 105, 112 (in bank). The record here lacks evidence about Wessell's net worth. The amounts deposited in The Alps consisted of gross deposits and therefore shed no light on Wessell's net worth. The district court erred by calculating punitive damages without taking Wessell's net worth into account. *See Boyle v. Lorimar Prods., Inc.*, 13 F.3d 1357, 1361 (9th Cir. 1994) ("The rule established by lower California courts is that only net, not gross, figures

4

are relevant.").  We reverse the punitive damages award and remand for recalculation.

Each party shall bear its own costs on appeal.

**AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.**