**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 17 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THOMAS E. ALEXANDER, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> KEVIN W. WESSELL, an individual; MATT MITCHELL, AKA Paul Hesse, an individual, <br><br> Defendants-Appellants, <br><br> and <br><br> INCWAY CORPORATION, a Wyoming corporation; PRESIDENTIAL SERVICES, INCORPORATED, a Nevada corporation; CASEY LAWRENCE, an individual, <br><br> Defendants. | No.   17-55409 <br><br> D.C. No. <br> 2:11-cv-08851-DSF-VBK <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted July 9, 2018**
San Francisco, California

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: McKEOWN and IKUTA, Circuit Judges, and PRATT,*** District Judge.

Kevin W. Wessell appeals the district court's amended judgment of March 6, 2017 awarding Thomas E. Alexander $ 1,574,355, along with post-judgment interest and attorney's fees, for Wessell's common-law fraud and violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964(c). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Initially, Wessell and his co-defendant, Matt Mitchell, appealed the district court's judgment awarding Alexander $2 million in punitive damages as an alternative to RICO damages. In an unpublished memorandum disposition, we affirmed the district court's factual findings supporting Wessell and Mitchell's liability for fraud and RICO violations, "including that Wessell and Mitchell enriched themselves . . . , that they knowingly and willfully committed mail and wire fraud on multiple occasions over ten years . . . , and that Alexander lost funds as a direct result of Wessell and Mitchell's RICO violations." *Alexander v. Incway Corp.*, 633 F. App'x 472, 473 (9th Cir. 2016). But we "reverse[d] the punitive damages award and remand[ed] for recalculation" because the record lacked evidence of Wessell's net worth as required by California law. *See id.* at 473–74.

---

*** The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa, sitting by designation.

Under the rule of mandate, the district court was permitted on remand to substitute RICO's treble damages for the award of punitive damages. "[T]he so-called rule of mandate allows a lower court to decide anything not foreclosed by the mandate." *Herrington v. County of Sonoma*, 12 F.3d 901, 904 (9th Cir. 1993); *see also Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1404 (9th Cir. 1990) ("An order issued after remand may deviate from the mandate . . . if it is not counter to the spirit of the circuit court's decision[, but t]he district court must be given a meaningful opportunity to follow the directive of the circuit in resolving the issue.") (internal citation omitted), *abrogated on other grounds by SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179 (9th Cir. 2016) (en banc). Because we affirmed the district court's factual findings supporting Wessell's liability for RICO violations, did not direct the district court to impose punitive damages, and did not decide whether a treble damages award under RICO could be reinstated against Wessell, the district court's substitution of RICO damages was proper. *See, e.g.*, *L.A. Police Protective League v. Gates*, 995 F.2d 1469, 1477 (9th Cir. 1993) ("Assuming that it is the law of the case that the . . . verdict was excessive as a matter of law, that would not be controlling on the determination of whether a different and much lower verdict . . . is also excessive.").

Additionally, the stipulation of settlement in Wessell's bankruptcy case in the United States Bankruptcy Court for the Southern District of Florida did not

3

preclude the district court from reinstating treble damages under RICO. The settlement at most bars Alexander from pursuing claims "for which the Trustee has asserted or could assert a claim on behalf of [Wessell]'s estate under any applicable law." Alexander's personal claim for RICO damages, of course, could not be asserted on behalf of Wessell's estate.

**AFFIRMED.**